STATE OF NORTH CAROLINA v. BOBBY EDWARD DAVIS, JR.

No. COA97-1514

(Filed 1 September 1998)

## 1. Evidence— hearsay—statement to police—inconsistencies—admissibility for corroboration

The victim's handwritten statement to a police officer indicating that she had seen defendant shoot into her apartment was not inadmissible hearsay but was admissible to corroborate her trial testimony, although she attempted to recant her statement at trial and testified that she had relied upon information given to her by her boyfriend, where the victim also testified that the statement she made to the officer was true and that she attempted to recant her statement because she was afraid of defendant. Any inconsistencies in the victim's testimony goes to her credibility, not to its admissibility.

## 2. Firearms and Other Weapons— discharging firearm into occupied property—sufficiency of evidence

Defendant's conviction of discharging a firearm into occupied property was supported by the victim's testimony at trial that she saw defendant fire a bullet into her occupied apartment and her corroborating statement to the investigating officer.

## 3. Criminal Law— striking hearsay testimony—mistrial not required

The trial court did not abuse its discretion in failing to declare a mistrial ex mero moto when it struck hearsay testimony by the victim that her boyfriend had told her that defendant fired a bullet into her apartment where any prejudice was curred by the trial court's instruction that the jury should not consider such testimony.

## 4. Evidence— handwritten statement to officer—corroboration of trial testimony

An officer's testimony about the victim's handwritten statement made during his investigation of an offense of discharging a firearm into occupied property that she observed defendant fire a bullet into her apartment was properly admitted to corroborate the victim's trial testimony even though a portion of her testimony was stricken as hearsay.

Appeal by defendant from judgments entered 15 May 1997 by Judge Cy Anthony Grant, Sr. in Wayne County Superior Court. Heard in the Court of Appeals 27 July 1998.

*Attorney General Michael F. Easley, by Associate Attorney General Thomas J. Pitman.*

*Adrian M. Lapas for defendant-appellant.*

WYNN, Judge.

The State of North Carolina indicted Bobby Edward Davis, Jr. for the crimes of discharging a firearm into occupied property in violation of N.C. Gen. Stat. § 14-34.1 (Cum. Supp. 1997) (96 CRS 11274), possessing a stolen firearm in violation of N.C. Gen. Stat § 14-71.1 (1993) (96 CRS 11275), and being an habitual felon in violation of N.C. Gen. Stat. § 14-7.1 (1993) (96 CRS 20947). This matter came on for trial before Judge Cy Anthony Grant, Sr. and a duly empaneled jury during the 12 May 1997 criminal session of Wayne County Superior Court.

The State's evidence tends to show the following: At sometime during the night of 4 July 1996, a bullet was fired through the front door of Sheila Best's apartment. At that time, Best, her five children, a male friend, Maurice Smalls, Best's brother and an indeterminate number of his guests were present in the apartment. The bullet imbedded in the wall behind the door. Best called the police, and, in response, Sergeant Keith Edwards, of the Goldsboro Police Department, arrived shortly thereafter to investigate the incident. Sergeant Edwards took Best's statement, which Best wrote and signed. In her statement, Best indicated that defendant fired the bullet into her home. Thereafter, Sergeant Edwards, along with another officer, proceeded to defendant's home, where they questioned and subsequently arrested defendant. Ballistic testing on the pistol and ammunition seized from defendant, the bullet retrieved from the wall of Best's apartment and the shell casing found on the floor outside of Best's door, indicated that the bullet and casing had been fired from the pistol seized from defendant to the exclusion of all other firearms.

Defendant did not present any evidence. At the close of the State's evidence, defendant moved to dismiss the charges due to insufficient evidence. The trial court allowed the motion to dismiss regarding the charge of possession of a stolen firearm (96 CRS

11275), but denied the motion regarding the charge of discharging a firearm into an occupied property (96 CRS 11274). After instruction and deliberation, the jury found defendant guilty of discharging a firearm into occupied property. Defendant moved to set aside the verdict as not being in compliance with the evidence. This motion was denied, and the issue of defendant's status as an habitual felon came on for hearing. After the State presented evidence of defendant's three previous felony convictions, defendant moved to dismiss the charge of being an habitual felon. This motion to dismiss was denied. Defendant did not present any evidence. The jury returned a second unanimous verdict, finding defendant guilty of being an habitual felon. On 15 May 1997, Judge Grant entered judgment on the jury verdicts, sentencing defendant to a minimum term of 107 months and a maximum term of 138 months imprisonment. Defendant appeals.

On appeal, defendant presents four arguments for reversal of the trial court's judgment, or alternatively, a new trial. Central in all of defendant's arguments is the issue of the admissibility of Shelia Best's statement to Officer Edwards in light of her attempt to recant that testimony.

At trial, Best attempted to recant her statement made to Sergeant Edwards on the evening of 4 July 1996. In response, the State requested a *voir dire* examination of Best, and moved for permission to have Best declared a hostile witness on the grounds of surprise. On *voir dire*, Best stated that she was afraid of defendant, fearing for her physical health if she testified against him. The trial court granted the State's motion and declared Best a hostile witness based upon her statements made in the presence of the jury—that she had not seen defendant on the evening of 4 July 1996, but was relying on information told to her by Maurice Smalls, when she made her statement to Sergeant Edwards. The court, however, restricted the State from questioning Best about her fear of defendant.

Thereafter, the State continued questioning Best on direct examination. At this time, Best indicated that the statement that she had made to Sergeant Edwards was the truth. On cross-examination, Best indicated that she had seen defendant, and indicated that Maurice Smalls had not told her what to tell Sergeant Edwards. The trial court, consequently, instructed the jury to strike any of Best's testimony as to what "Maurice allegedly told her," as it was hearsay.

[1] Defendant contends that Best's statement to Sergeant Edwards was hearsay under Rule 801 of the North Carolina Rules of Evidence,

and was therefore, inadmissible as substantive evidence. Rule 801(c) of the Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted." N.C.R. Evid. 801(c). Hearsay is generally not admissible. N.C.R. Evid. 802. However, when offered for the limited purpose of impeachment or corroboration, prior statements may be admitted into evidence. *State v. Ayudkya*, 96 N.C. App. 606, 610, 386 S.E.2d 604, 606 (1989).

The attendant facts and circumstances show that Best first testified on direct examination that her statement made to Sergeant Edwards was the result of information given to her by Maurice Smalls. Best later admitted that she had lied when she was questioned on direct examination, attempting to recant her statement made to Sergeant Edwards, because she was afraid to testify against defendant. She continued with her testimony, in conformity with her statement to Sergeant Edwards, that she had personally seen defendant at her house and witnessed the events at her residence on the evening of 4 July 1996.

We find that any inconsistencies in Best's testimony goes to her credibility and the weight to be given that testimony, not to its admissibility. *State v. Barrett*, 343 N.C. 164, 173, 469 S.E.2d 888, 893, *cert. denied*, —— U.S. ——, 136 L. Ed. 2d 259 (1996). Moreover, the trial court correctly allowed the admission of Best's handwritten statement to Sergeant Edwards to corroborate her testimony. *See Ayudkya*, 96 N.C. App. 606, 386 S.E.2d 604.

**[2]** We next consider defendant's argument that the trial court erred in denying his motion to dismiss. Defendant contends that factoring out Best's statement, there does not exist sufficient evidence of his guilt of discharging a firearm into occupied property. We disagree.

In making a determination as to whether a motion to dismiss for insufficiency of the evidence should be granted, the trial court must decide "whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). Substantial evidence is evidence from which a rational finder of fact could find the fact to be proved beyond a reasonable doubt. *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991). "If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the

jury and the motion to dismiss should be denied." *State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988). When ruling on a motion to dismiss, all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. *State v. Mitchell*, 109 N.C. App. 222, 224, 426 S.E.2d 443, 444 (1993). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." *State v. King*, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996).

Best's testimony at trial and her corroborative statement to Sergeant Edwards were properly admitted into evidence at trial. Hence, there was plenary evidence to show that defendant committed the crime of discharging a firearm into occupied property, and this argument fails.

[3] Similarly, defendant's argument that the trial court committed reversible error by not declaring a mistrial, *ex mero motu*, after striking Best's hearsay testimony, also fails. Whether a motion for mistrial should be granted is a matter committed to the sound discretion of the trial court. *State v. Adams*, 347 N.C. 48, 68, 490 S.E.2d 220, 230 (1997), *cert. denied*, —— U.S. ——, 139 L. Ed. 2d 878 (1998). A mistrial is generally granted where there have been improprieties in the trial of such a serious nature, that defendant cannot receive a fair and impartial verdict. N.C. Gen. Stat. § 15A-1061 (1996); *State v. Cagle*, 346 N.C. 497, 516, 488 S.E.2d 535, 548 (1997), *cert. denied* —— U.S. ——, 139 L. Ed. 2d 614 (1997). It is well-settled that where the trial court withdraws incompetent evidence and instructs the jury not to consider that evidence, any prejudice is ordinarily cured. *State v. King*, 343 N.C. 29, 44, 468 S.E.2d 232, 242 (1996).

In the instant case, the trial court gave the jury a curative instruction that they were not to consider Best's testimony as to what Maurice had told her. We hold that this instruction cured any prejudice engendered by Best's hearsay testimony. Contrary to defendant's argument, a curative instruction was not necessary in regard to Best's statement to Sergeant Edwards (State's Exhibit 6) as this statement was admissible as corroborative evidence. Accordingly, we conclude that the trial court did not abuse its discretion in failing to declare a mistrial, *ex mero motu*.

[4] Defendant next argues that the trial court committed plain error in failing to strike Officer Edwards' testimony as to Best's prior statements, when her testimony was stricken as hearsay. We disagree.

In order to show plain error, a defendant must make a showing that absent the error of the trial court, the jury probably would have reached a different verdict. *State v. Black*, 328 N.C. 191, 200-01, 400 S.E.2d 398, 404 (1991). Significantly, only a portion of Best's testimony was stricken as hearsay, the remainder of her testimony in regards to the events that occurred at her residence on the evening of 4 July 1996 was properly before the jury. Officer Edwards' testimony about Best's handwritten statement made to him on that evening during his investigation was admissible to corroborate Best's testimony. In sum, on the record before us, defendant cannot show that Sergeant Edwards' testimony amounted to plain error. This argument is without merit.

Finally, defendant argues that he was denied effective assistance of counsel. Specifically, defendant complains of trial counsel's failure to move for mistrial when portions of Best's testimony was withdrawn; to move to strike Sergeant Edward's testimony; and to object to publication of Best's handwritten statement. Again, we disagree.

"When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." *State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985). In order to make such a showing, the defendant must satisfy the two-prong test announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 674, *reh'g denied*, 467 U.S. 1267, 82 L. Ed. 2d 864 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Braswell*, 312 N.C. at 562, 324 S.E.2d at 248 (quoting *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693).

After a thorough review of the record, we conclude that defendant has failed to make the showing required by *Strickland*. Therefore, this argument also fails.

In light of the foregoing, we hold that defendant received a fair trial, free from prejudicial error.

No error.

Chief Judge EAGLES and Judge MARTIN, Mark D., concur.