**STATE v. BLYMYER**

[153 N.C. App. 516 (2002)]

Affirmed.

Judges WALKER and THOMAS concur.

━━━━━━━━━━

STATE OF NORTH CAROLINA v. ERIC STEPHEN BLYMYER

No. COA01-1487

(Filed 15 October 2002)

**Assault— deadly weapon with intent to kill inflicting serious injury—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss a charge of assault with a deadly weapon with intent to kill inflicting serious injury where the evidence tended to show that defendant had been involved in two altercations with the victim in the victim's home on the night in question; defendant was instructed both times to leave; defendant "flipped off" the victim and drove his truck directly at the victim; after he pinned the victim against a mobile home, defendant pumped the clutch a couple of times and asked how it felt; defendant said after the incident that next time he would have to stab the victim and kill him; and the victim suffered life-threatening injuries and underwent twenty surgeries.

Appeal by defendant from judgment entered 8 August 2001 by Judge Michael E. Beale in Rowan County Superior Court. Heard in the Court of Appeals 17 September 2002.

*Attorney General Roy Cooper, by Thomas B. Wood, for the State.*

*J. Clark Fischer for defendant-appellant.*

THOMAS, Judge.

Defendant, Eric Stephen Blymyer, was convicted of assault with a deadly weapon with intent to kill inflicting serious injury. He was sentenced to a term of 108 to 132 months imprisonment.

Defendant appeals, contending the State failed to present substantial evidence of intent to kill. Based on the reasons herein, we find no error.

STATE v. BLYMYER

[153 N.C. App. 516 (2002)]

The State's evidence tends to show defendant visited the home of Richard Lee Ronquest at approximately 11:30 p.m. on Christmas Eve, 1999. Ronquest, Martha Clodfelter, who is Ronquest's sister, and Valerie Furman were all present.

According to Ronquest, problems started between defendant and him when defendant spoke disrespectfully to Furman. Ronquest told defendant to "chill out" after defendant cursed at Furman. Defendant cursed again and threw a full, open can of beer on the floor. When defendant refused to clean it up, Ronquest cursed in telling him to leave. The two men then briefly fought, wrestling on the floor, with defendant eventually agreeing to leave.

Defendant left but shortly returned to Ronquest's home. The two scuffled and exchanged words a second time. Ronquest shoved defendant into the hamper, held him down, and told him that unless he agreed to leave he would not be let up. Defendant agreed, Ronquest let him up, and defendant walked onto the porch "cussing and carrying on real loud." Ronquest also walked outside. While standing in the doorway of his truck, defendant "flipped off" Ronquest.

Ronquest then stepped from the porch to an area underneath a canopy in front of his home. Defendant jumped in the truck and locked the door. He revved the engine, with Ronquest telling him, "Just go, Just go." As defendant began to back out of the driveway, Ronquest turned to walk inside. Suddenly, Ronquest heard roaring tires spinning in the gravel and turned to see two headlights coming toward him.

Defendant drove directly at Ronquest, striking him with the truck. With Ronquest pinned against the mobile home and telling defendant to get the truck off of him, defendant pumped the clutch a couple of times and stated, "How's that feel, you son of a bitch." After defendant finally drove away, Ronquest dragged himself to the porch and collapsed.

As a result, Ronquest suffered multiple pelvic fractures and other internal injuries. He underwent approximately twenty surgeries.

Dr. Wayne Cline, Jr., an expert in urology, testified he examined Ronquest after the incident and that Ronquest's pelvic fractures resulted from significant force caused by a high speed impact or being crushed against an immovable object.

Eddie Christopher Howard, a deputy with the Rowan County Sheriff's Department, went to defendant's residence shortly after the incident and discovered defendant fighting with his two brothers. Howard broke up the fight. According to Howard, defendant appeared agitated and was using profane language. Defendant also had a strong odor of alcohol.

Howard testified defendant made several spontaneous utterances, including, "I guess the next time I'll just have to stab his ass in the neck and kill him next time," and "I guess I'll just have to stab him, stab him next time."

Defendant did not present any evidence.

Defendant contends the trial court erred in denying his motion to dismiss at the close of the State's evidence and at the close of all the evidence. Specifically, defendant argues the State failed to present substantial evidence that he intended to kill Ronquest. He asks this Court to set aside his conviction and enter judgment on the lesser included offense of assault with a deadly weapon inflicting serious injury. We disagree with defendant's contention.

A motion to dismiss is properly denied if "there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). "When ruling on a motion to dismiss, all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). The dispositive issue here is whether the State presented substantial evidence that defendant intended to kill Ronquest.

"An intent to kill may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances." *State v. Thacker*, 281 N.C. 447, 455, 189 S.E.2d 145, 150 (1972).

In *State v. Hinson*, 85 N.C. App. 558, 355 S.E.2d 232 (1987), this court addressed the issue of whether the evidence was sufficient to support an intent to kill where the alleged deadly weapon was a motor vehicle. In *Hinson*, the defendant drove a truck toward a

road where five sheriff's deputies were standing, waved one arm out the window, and screamed, "Stand right there, you son of a bitches. I'll kill you." He drove the truck straight at the deputies before colliding with two automobiles and running into a ditch. This Court held that such evidence, when viewed in the light most favorable to the State, raised a reasonable inference that defendant acted with the requisite specific intent to kill the deputies. *Id.* at 565, 355 S.E.2d at 236.

Here, the State's evidence tends to show defendant had been involved in two altercations with Ronquest in Ronquest's home on the night in question. He had been instructed both times to leave. Prior to getting into his truck after the second incident, defendant "flipped off" Ronquest. Defendant then drove the truck directly at Ronquest. After pinning him against the mobile home, defendant pumped the clutch a couple of times and said, "How's that feel, you son of a bitch." Following the incident, defendant stated, "I guess the next time I'll just have to stab his ass in the neck and kill him next time," and "I guess I'll just have to stab him, stab him next time." We find this evidence sufficiently similar to the evidence presented in *Hinson* to mandate a similar conclusion.

We further note that Ronquest's injuries were life-threatening. He suffered internal injuries to his organs, as well as bone fractures, and had to undergo approximately twenty surgeries.

Viewed in the light most favorable to the State, this evidence raises a reasonable inference that defendant acted with the requisite intent to kill Ronquest. Accordingly, the trial court did not err in denying defendant's motions to dismiss and allowing the issue to be submitted to the jury.

No error.

Chief Judge EAGLES and Judge MARTIN concur.