STATE OF NORTH CAROLINA
v.
DONNIE DEAN SHOLAR.
No. COA08-89
Court of Appeals of North Carolina
Filed August 19, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General John W. Congleton, for the State.
D. Tucker Charns for defendant-appellant.
WYNN, Judge.
A trial court properly denies a defendant's motion to dismiss for insufficient evidence when there is substantial evidence, taken in the light most favorable to the State, of each essential element of the offense charged and of the defendant being the perpetrator of the offense.[1] Here, because the State met that burden as to both convictions appealed by Defendant Donnie Dean Sholar, we find no error.
At trial, the State's evidence tended to show that on the night of 8 April 2006, Trooper Ashley Brent Duff of the State Highway Patrol was on routine patrol in Duplin County. While Trooper Duff was traveling northbound on State Highway 50, he saw a vehicle "catching [him] from the rear" and pulled off the road because he believed the vehicle was speeding in the 55 miles per hour zone. After the vehicle, a white Ford pickup truck, passed by, Trooper Duff pulled in behind it and observed the truck's left tires cross the yellow center line twice. Trooper Duff estimated that the truck had accelerated to 70 miles per hour, and he activated the blue lights of his patrol vehicle in an attempt to make a traffic stop as the two vehicles passed Lanier's store. The pickup truck continued for two-tenths of a mile, stopped at an intersection, turned onto another road, and eventually pulled into a private driveway where Defendant exited from the driver's side of the truck.
After calling for back-up, Trooper Duff exited his patrol vehicle and informed Defendant that the reason for the stop was because Defendant was speeding and had crossed the center line. Trooper Duff instructed Defendant to come to his patrol vehicle, but Defendant responded, "I'm not going no fing where. I'm going in the damn house." Trooper Duff told Defendant that he needed to comply and that he needed to talk with him, and Defendant started screaming for his wife. Based upon a strong odor of alcohol about Defendant's person, as well as his red and glassy eyes, Trooper Duff believed Defendant to be intoxicated.
Defendant walked away from Trooper Duff, who then took Defendant by the arm and again asked Defendant to come with him. When Defendant did not comply, Trooper Duff performed an "arm bar"on Defendant in an attempt to put him off-balance and have him land on the ground, where Trooper Duff could handcuff him. Defendant fell, hitting the patrol vehicle, and continued to struggle with Trooper Duff, who was unable to perform a vascular neck restraint on Defendant. The two then fell to the ground, and Defendant kicked Trooper Duff in the leg "a couple of times." Once they returned to their feet, Trooper Duff pepper sprayed Defendant, and Defendant then broke free of Trooper Duff's grasp and ran towards a field behind the house.
Trooper Duff yelled for Defendant to stop and struck his shoulder with an asp baton, but Defendant continued to run. After Trooper Duff struck Defendant in the head, Defendant collapsed to the ground, then stood back up, and asked, "Did you shoot me?" Trooper Duff instructed Defendant to stop resisting and attempted to control Defendant by putting his hands on Defendant. Defendant became irate, and Trooper Duff again sprayed him with pepper spray. Defendant then ran towards the house, going inside despite being hit in the legs with the asp baton, and yelled for his wife, who came out to the living room. Trooper Duff told Defendant's wife that she needed to control Defendant, and she sat Defendant down in the laundry room and began to administer first aid. Blood analysis revealed that Defendant had a blood alcohol level of 0.11 and that he had recently ingested cocaine and oxycodone.
After the jury returned verdicts of guilty of resisting, delaying, or obstructing a public officer, assault on a government official, and driving while impaired, the trial court entered judgment. Defendant was sentenced to an active term of a minimum of sixteen months and a maximum of twenty months in prison on the driving while impaired conviction; an active term of sixty days in prison on the resisting arrest conviction; and an active term of one hundred fifty days in prison on the assault conviction.
Defendant appeals, arguing that the trial court erred by denying his motions to dismiss for insufficient evidence the charges of resisting, delaying, or obstructing a public officer and assault on a government official. We find no error.
We review a trial court's denial of a motion to dismiss for "whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. State v. Patterson, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994). In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." State v. King, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996). Defendant first asserts that the trial court should have dismissed the charge of resisting, delaying, and obstructing a public officer, as Trooper Duff attempted to arrest him without an articulable suspicion of criminal activity. However, Defendant did not challenge his arrest on these grounds in the trial court below. We therefore decline to consider this argument and instead review only the sufficiency of the evidence to support the charge of resisting, delaying, and obstructing a public officer. See State v. Lloyd, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001) ("Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." (citation omitted)).
To prove this charge, the State was required to show "that the defendant willfully and unlawfully resisted, delayed, or obstructed a public officer, whom the defendant knew or had reasonable grounds to believe was a public officer, in discharging or attempting to discharge a duty of his office." State v. Bell, 164 N.C. App. 83, 94, 594 S.E.2d 824, 831 (2004) (citation omitted); N.C. Gen. Stat. § 14-223 (2007) . Here, the State offered evidence that Trooper Duff approached Defendant in a marked trooper patrol vehicle with its blue lights activated, that Trooper Duff informed Defendant why he had been stopped, and that Trooper Duff asked Defendant to accompany him to his patrol vehicle. According to Trooper Duff's testimony, Defendant offered substantial resistance to Trooper Duff, including repeatedly attempting to flee and struggling against any form of restraint. The evidence showed that Defendant"willfully and unlawfully resisted, delayed, or obstructed" Trooper Duff while he was attempting to detain Defendant for traffic violations. Bell, 164 N.C. App. at 94, 594 S.E.2d at 831. This assignment of error is without merit.
Defendant also contends that the trial court should have dismissed the charge of assault on a government official because he was defending himself and because that conviction, combined with the conviction for resisting, delaying, and obstructing a public officer, violates the constitutional prohibition against double jeopardy. With respect to this latter argument, Defendant again failed to raise the constitutional issue below, and we will not consider it on appeal. See Lloyd, 354 N.C. at 86-87, 552 S.E.2d at 607.
The elements of misdemeanor assault on a government official are (1) an assault; (2) on a government official; (3) when the official is discharging or attempting to discharge his official duties. N.C. Gen. Stat. § 14-223 (2007). Here, the State presented evidence that Trooper Duff stopped Defendant for speeding and crossing the center line; that Defendant failed to comply with Trooper Duff's instructions to accompany him to the patrol vehicle; and that Defendant engaged in a physical altercation with Trooper Duff and also kicked Trooper Duff in the leg. This evidence was sufficient to sustain a conviction of assault on a government official. Accordingly, the trial court properly denied Defendant's motion to dismiss.
No error.
Judges ELMORE and GEER concur.
Report per Rule 30(e).
NOTES
[1] State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990).