STATE OF NORTH CAROLINA
v.
GALE ARTHUR HILLIKER, Defendant.
No. COA08-348
Court of Appeals of North Carolina.
Filed February 17, 2009
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Joseph E. Herrin, for the State.
Robin E. Strickland for defendant-appellant.
GEER, Judge.
Defendant Gale Arthur Hilliker appeals from his conviction of obtaining property from Ada Williams by false pretense. Defendant's sole argument on appeal is that the trial court erred in denying his motion to dismiss this charge. Based upon our review of the record, we hold that the State presented sufficient evidence of each element of the charge.
The State's evidence tended to show the following facts. Ada Williams owned a home on Briley Road and had lived there for 18 years. On 26 January 2006, defendant came to her door unsolicited, said he was a home improvement contractor, and asked if Williams needed work done to her house. Defendant told Williams he had worked on several houses in her neighborhood. Although her houseneeded repair, Williams had not thought about having the work done until defendant knocked on her door. Defendant explained to Williams that he would repair her roof, install energy-saving windows, and replace her back door.
When Williams told defendant she did not have money to pay for the repairs, defendant offered to assist Williams in refinancing her home to obtain funding for the improvements. Defendant pulled out forms from First Greensboro Equity and, while in Williams' home that day, called a company representative. Williams provided the lending company with the personal information necessary to process a loan for $5,515.97. Because the loan did not cover the cost calculated by defendant for the repairs, Williams agreed to pay defendant the balance of the cost at a rate of $125.00 a month. Before defendant left Williams' house, he gave her a business card with a cell phone number, an "800" number, and a home phone number.
After that initial meeting, defendant "was constantly coming by" Williams' house and workplace to see if she had received the loan check. Defendant also called the lending company's representative several times to inquire about the status of Williams' loan. When Williams received the loan check for $5,515.97 about two weeks later, she did not immediately cash it, and defendant became upset. Once Williams cashed the check, defendant came to Williams' job to collect the cash on 21 February 2006. He wrote her a receipt for $5,000.00 even though she had given him the full $5,515.97. In addition, although defendant initially indicated the repairs would cost $7,000.00, he drew up adocument stating that the repairs to Williams' house would cost $7,285.00.
After taking the money, defendant told Williams he would not start the repairs until March 2006 because he had to finish another job. As of April 2006, defendant had not performed any work. When Williams attempted to contact defendant using the numbers on the business card, the cell phone number did not work, and there was no response from the home number. Williams then called the "800" number, and a message was relayed to defendant. After that, Williams contacted defendant numerous times trying to learn when he would start making the repairs to her home. Defendant first informed Williams he could not start work on her house because he was behind in his work, then he said he had dislocated a disc. In August 2006, Williams was told that defendant had developed heart problems. As of the trial date, defendant had neither done any work on Williams' house nor refunded her any money.
Detective Johnny Craft of the Pitt County Sheriff's Office interviewed Williams on 14 December 2006. After Williams told Detective Craft what had happened, the detective was unable to contact defendant or locate him at the address or phone numbers defendant had provided to Williams. Detective Craft finally located defendant on 12 January 2007 at another address and arrested him.
On 5 March 2007, defendant was indicted for obtaining property by false pretenses. Defendant was tried on this charge, as well as on charges involving three other individuals. At the conclusion of the State's evidence, the trial court granted defendant's motion to dismiss the charge relating to one of the other individuals. Defendant did not present any evidence. The jury found defendant guilty as to Williams, but not guilty as to the remaining two individuals. The trial court sentenced defendant to six to eight months imprisonment. Defendant timely appealed to this Court.
Defendant contends that the trial court should have dismissed the charge relating to Williams as well. In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). "If there is substantial evidence  whether direct, circumstantial, or both  to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." State v. Locklear, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988).
The crime of obtaining property by false pretenses consists of the following elements: "`(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another.'" State v. Parker, 354 N.C. 268, 284, 553 S.E.2d 885, 897 (2001) (quoting State v. Cronin, 299 N.C. 229, 242, 262 S.E.2d 277, 286 (1980)), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162, 122 S. Ct. 2332 (2002). Defendant contends that the Statefailed to prove he "made a false representation regarding his intent to perform the contracted work[.]"
It is well established that "[i]ntent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." State v. Bell, 285 N.C. 746, 750, 208 S.E.2d 506, 508 (1974). Further, a "false pretense need not come through spoken words, but instead may be by act or conduct." Parker, 354 N.C. at 284, 553 S.E.2d at 897.
Here, we believe a jury could reasonably infer from defendant's conduct that defendant persuaded Williams to obtain a loan and turn over the proceeds to him by falsely representing to Williams that he would perform work on her home when he had no intent of doing so. Defendant approached Williams unsolicited while carrying forms with him for a home equity loan to pay for the work he proposed to do. Immediately upon receiving the loan proceeds from Williams, defendant said that he could not start work for a month. Yet, even though he undisputedly knew he was not going to start the work for a significant period of time, defendant had repeatedly contacted Williams and the loan company regarding the status of the loan and became upset with Williams when she did not cash the check immediately. Defendant then gave Williams a receipt for less money than he was actually paid. While defendant's explanation for not performing Williams' repairs was that he was behind in his work, he was, at the same time, entering into agreements to do repairs on other houses. In addition, after defendant claimed back and heart problems precluded work at Williams' house, he was still offering to do work for another person in Williams' neighborhood. When Williams and others attempted to contact defendant, they learned that the personal phone numbers on defendant's business card were incorrect or disconnected, and defendant could not be found at the listed address. Finally, defendant never offered to refund Williams the money she had paid.
When considering the evidence presented in the light most favorable to the State, we conclude there was sufficient evidence to permit the jury to infer that defendant caused Williams to obtain a loan and took the loan proceeds without having any intent to actually perform the agreed-upon repair work. Accordingly, the trial court properly denied defendant's motion to dismiss.
No error.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).