STATE OF NORTH CAROLINA
v.
STANLEY DAVIS THORPE, Defendant.
No. COA09-680
Court of Appeals of North Carolina.
Filed December 22, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General John W. Congleton, for the State.
Mercedes O. Chut, for defendant-appellant.
STROUD, Judge.
Stanley Davis Thorpe ("defendant") appeals from a superior court judgment entered consistent with a jury verdict finding him guilty of driving while impaired (DWI). We find no error.
The State's evidence tended to show that on the night of 17 February 2008, Deputy J.C. Dixon of the Person County Sheriff's Department was on patrol in Roxboro, North Carolina. At approximately 8:30 p.m., Deputy Dixon observed a dark-colored vehicle traveling at a high rate of speed down North Main Street. Deputy Dixon "picked him up at 65 in a 35" m.p.h zone on the radar. Deputy Dixon turned around his patrol vehicle and pursued the vehicle. When the vehicle turned left onto Edgewood, the vehicle's headlights turned off, and Deputy Dixon activated his blue lights. After "a little over a quarter of a mile," the vehicle turned into a driveway and parked. Deputy Dixon pulled into the driveway so that his patrol vehicle's bumper was within two feet of the dark-colored vehicle's bumper.
The driver exited the vehicle. Deputy Dixon was able to identify the driver of the vehicle as defendant, Stanley Thorpe. The area was very bright because Deputy Dixon turned on his "take down" lights. Defendant ran to the left between two houses. Deputy Dixon did not chase defendant because he knew who defendant was from previous encounters. Specifically, Deputy Dixon had responded to "domestics" at defendant's house; had assisted the Highway Patrol in arresting defendant; had himself arrested defendant at a driver's license check for driving while license revoked; and had assisted another officer in arresting defendant for driving while license revoked. Deputy Dixon went back to his patrol vehicle, called for a wrecker, and ran the vehicle's tags.
Approximately ten minutes after defendant fled, Deputy Dixon saw defendant walking back to the vehicle. Defendant was wearing the same multi-colored sweater and suede shoes he was wearing when he fled the scene. Defendant was staggering, unsteady on his feet, and very belligerent. Defendant also had red, glassy eyes, and an odor of alcohol coming from his person. Deputy Dixon had determined defendant's license had been revoked "so there was no point in asking Stanley for a license." Based upon his observations of defendant, Deputy Dixon placed defendant under arrest. Deputy Dixon did not administer any "psychophysical tests" because he had not been trained to administer such tests.
Deputy Dixon subsequently drove defendant to the Intoxilyzer room in Person County. During the trip, defendant was "[j]ust the usual Stanley[,] [a] lot of cursing, threatening." Lieutenant Jimmy Hawkins of the Roxboro Police Department, a certified chemical analyst, was brought in to "administer a chemical analysis to determine [defendant's] alcohol concentration." Defendant submitted to the Intoxilyzer test, which showed a blood alcohol concentration of .08.
Defendant testified on his on behalf. Defendant admitted that he "had been drinking the whole entire day," and that he "was too drunk to even think about trying to drive somewhere." Defendant further testified that he had left the key in the vehicle Deputy Dixon apprehended and "[e]verybody had access to it[.]" A friend of defendant testified at trial that he and defendant were at a party the night of 17 February 2008; and that the party was at a house located three to four houses from defendant's house, within walking distance of defendant's house.
A jury found defendant guilty of driving while impaired. The trial court sentenced defendant to twenty-four months imprisonment. Defendant appeals.
In his sole argument on appeal, defendant contends the trial court erred by denying his motion to dismiss based on insufficiency of the evidence. Defendant asserts the State failed to present sufficient evidence that he was the driver of the vehicle. We disagree.
The standard for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990) (citation omitted). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. State v. Patterson, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994). In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." State v. King, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996) (citation omitted).
N.C. Gen. Stat. § 20-138.1 provides, in pertinent part:
A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State:
(1) While under the influence of an impairing substance; or
(2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more . . . .
N.C. Gen. Stat. § 20-138.1(a)(2007).
Here, Officer Dixon's patrol vehicle bumper was within two feet of the dark-colored vehicle's bumper when the driver exited the vehicle. Officer Dixon, who knew defendant from previous encounters, identified defendant as the driver. Within ten minutes of fleeing, defendant returned to the scene wearing the same clothing Officer Dixon observed defendant wearing when he exited the vehicle. Viewing the evidence in the light most favorable to the State and giving it the benefit of all inferences raised, we conclude the State presented sufficient evidence for the jury to infer defendant was the driver of the vehicle. Accordingly, the trial court properly denied defendant's motion to dismiss.
No error.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).