STATE OF NORTH CAROLINA
v.
JAMES EARL PARKER
No. COA09-497
Court of Appeals of North Carolina.
Filed December 22, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Lauren M. Clemmons, for the State.
Duncan B. McCormick, for defendant-appellant.
CALABRIA, Judge.
James Earl Parker ("defendant") appeals a judgment entered upon a jury verdict finding him guilty of statutory rape. We find no error.
In June of 2004, A.E. was staying with her aunt, uncle and cousin, who lived in the same trailer park as defendant. A.E. was fourteen years old and her cousin David was eleven years old. A.E. and David performed yard work for defendant on 2 June and 3 June, upon defendant's promise to pay them at the end of each day. Defendant did not pay them upon completion of the work, but stated he would pay them the next day.
While riding their bikes on 4 June 2004, A.E. and David saw defendant in his yard. A.E. and David initially avoided defendant because they did not want to do any more yard work without pay, but when defendant called to A.E. and David, they went to his yard. Defendant gave David four quarters and asked him to buy drinks at the store and bring them back. The store was approximately one block away. Defendant told A.E. he would pay her the money for the yard work while David went to the store. A.E. asked David not to leave. David responded that he would hurry back.
After David left, defendant asked A.E. to come into his house so he could give her the money. A.E. stepped into the house and saw defendant standing in the doorway of his bedroom. Defendant put his hand in his pocket as if to reach in for money. When A.E. approached defendant, he grabbed her arms and pushed her onto the bed. Defendant pulled down his pants with one hand while laying on A.E. and holding her down with his arm. Defendant yanked down A.E.'s pants. A.E. told defendant to get off of her and she tried pushing him away. Defendant "spit in his hand and put his hand on" A.E.'s vagina. Defendant then "stuck his penis in [her] vagina." A.E. heard someone yell, "Earl!", looked up, and saw David standing in the doorway.
Defendant jumped up and pulled up his pants. Defendant told A.E. she had better not tell anyone. A.E. stood up and pulled up her pants. Defendant, who was now in the living room, told David, "[Y]ou better not tell nobody or I'll kill you." A.E. and David went outside. A.E. told David "let's go ride bikes." David asked A.E. not to tell anyone what defendant had done because David thought he would get in trouble for leaving A.E. at defendant's house by herself.
A.E. and David then went to the home of Wendy Viverette ("Ms. Viverette"), who was a friend A.E. met through her aunt. Initially, A.E. would not talk to Ms. Viverette because she was upset, but eventually A.E. told Ms. Viverette that defendant "raped" her. A.E. subsequently told her aunt and uncle, who called the Rocky Mount Police Department ("the RMPD"). A.E. was later taken to the hospital where she was examined by a nurse. A.E. reported to the nurse that a man she had met on a couple of occasions had sexual intercourse with her and that she did not want that to happen.
Detective Barbara Wright ("Detective Wright") of the RMPD interviewed A.E. at the hospital on 4 June 2004. A.E. told Detective Wright that defendant told her to come inside his house so he could pay her; that defendant grabbed A.E., pushed her on the bed, got on top of her, and penetrated her. A.E. reduced her statement into writing. Ms. Viverette also gave Detective Wright a written statement.
Detective Wright subsequently interviewed David. David stated that he went to get sodas for defendant; that when he came back, he found defendant with his pants down on top of A.E.; that A.E. was trying to push away defendant; and that he called out defendant's name, which caused defendant to jump and pull up his pants.
On 5 June 2004, Detective Wright spoke with defendant, who informed her that he was born in 1957, he weighed 180 pounds, and he stood 5'8" tall. Defendant originally said he did not see either A.E. or David on 4 June 2004, but later admitted he did. Defendant stated he sent David to the store; that he and A.E. sat on the steps until David returned; and that they never went into defendant's house.
Detective Wright and defendant then discussed the contents of a letter that had been sent to the RMPD station. Defendant acknowledged the letter "was his letter that he sent by Ms. Cashdollar." In the letter, defendant wrote that he was awakened by A.E. and David on 4 June 2004; that he told them he was not mowing grass because of the rain, that he went back to bed with his wife; and that the police could verify that he was with Sue Cashdollar.
Defendant was subsequently arrested, indicted and tried in Nash County Superior Court for the offense of statutory rape. At trial, defendant testified that on 4 June 2004, A.E. went inside defendant's house, while David went to the store to buy some sodas with money he had given David. Defendant did not ask her to come inside, she just followed him into the house. Defendant testified that he did not do anything with A.E. and that when the cousin returned with the sodas, they sat there for a couple of minutes and A.E. and David left.
On 13 July 2005, the jury returned a verdict finding defendant guilty of statutory rape. Defendant was sentenced to a minimum of 192 months to a maximum of 240 months in the North Carolina Department of Correction. Although defendant did not appeal this judgment in a timely fashion, he subsequently filed a petition for writ of certiorari seeking a belated appeal on 27 June 2008. This Court allowed the petition on 17 July 2008.
Defendant's appointed appellate counsel states that he is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks this Court to review the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493, and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985).
By letter dated 29 June 2009, defendant's counsel advised defendant of his right to file written arguments with this Court and provided him with the necessary documents to do so. On 7 July 2009, defendant filed written arguments with this Court.
Pursuant to Anders and Kinch, we must determine, from a full examination of defendant's pro se brief and all of the proceedings, whether the appeal is wholly frivolous. In his pro se brief, defendant contends: (1) he did not rape A.E.; (2) he did not send a letter to the RMPD despite Detective Wright's testimony to the contrary; and (3) his trial counsel was ineffective.
Defendant argues the jury should not have returned a guilty verdict because he is innocent. Defendant's argument essentially amounts to a challenge of the sufficiency of the evidence. Defendant appropriately and timely moved to dismiss the charges against him, and therefore the sufficiency of the evidence issue is properly before this Court.
The standard of review for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990)(citation omitted). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. State v. Patterson, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994). In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998)
Defendant was charged with a violation of N.C. Gen. Stat. § 14-27.7A, statutory sexual offense of a person who is thirteen, fourteen, or fifteen years old. N.C. Gen. Stat. § 14-27.7A(a) states:
A defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person.
N.C. Gen. Stat. § 14-27.7A(a) (2008).
In the instant case, a review of the transcript shows that A.E. testified that defendant "stuck his penis in [her] vagina" while she was fourteen years old. When taken in the light most favorable to the State, such testimony provides substantial evidence sufficient to survive a motion to dismiss for insufficient evidence. Defendant's argument is overruled.
Defendant next argues that the trial court erred by allowing into evidence Detective Wright's testimony about a letter defendant purportedly sent to the RMPD. Defendant argues Detective Wright perjured herself because he never sent such a letter. At trial, defendant did not object to Detective Wright's testimony regarding the letter, to the letter being admitted into evidence, nor to Detective Wright reading the contents of the letter on the stand. Because defendant did not object at trial, he has not preserved this issue for appellate review. See N.C.R. App. P. 10(b)(1) (2008)(stating that "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion[.]").
Defendant also contends he received ineffective assistance of counsel. Defendant argues that he underwent a DNA test, which his attorney told him was negative, but his counsel failed to present this evidence to the jury. We note that the preferred method for raising a claim of ineffective assistance of counsel is by a motion for appropriate relief. However, a defendant's ineffective assistance of counsel claim "brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." State v. Fair, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001). A careful review of the record, briefs and contentions of the parties in this case does not clearly show us that defendant's claim of ineffective assistance of counsel can be determined without further development of the record, or that it is proper to address it at this time. Thus, we dismiss this assignment of error without prejudice to defendant's right to file a motion for appropriate relief in superior court.
In accordance with Anders, we have fully examined the record to determine whether any issues of arguable merit appear therefrom and whether the appeal is wholly frivolous. We conclude the appeal is frivolous.
No error.
Judges WYNN and STROUD concur.
Report per Rule 30(e).