An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1012
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

|  | |
| --- | --- |
| v. | Forsyth County |
| | Nos. 12 CRS 17180 |
| LEMUEL WAYNE HORTON | 12 CRS 56767 |

Appeal by defendant from judgment entered 25 April 2013 by Judge R. Stuart Albright in Forsyth County Superior Court. Heard in the Court of Appeals 18 March 2014.

*Attorney General Roy Cooper, by Assistant Attorney General Jane L. Oliver, for the State.*

*Unti & Lumsden LLP, by Margaret C. Lumsden, for defendant-appellant.*

HUNTER, Robert C., Judge.

Defendant Lemuel Wayne Horton appeals the judgment entered after a jury convicted him of breaking and/or entering, injury to personal property, and attaining habitual felon status. On appeal, defendant argues: (1) the trial court erred in admitting evidence of a prior conviction under Rule 404(b); (2) the trial court erred in denying defendant's motion to dismiss for

insufficiency of the evidence; and (3) the sentence imposed by the trial court violated the prohibition on cruel and unusual punishment under the Eighth Amendment to the United States Constitution and the prohibition on excessive punishment under Article I, section 27 of the North Carolina Constitution.

After careful review, we find no error.

## Background

On 7 January 2013, defendant was indicted on one count of breaking and/or entering, larceny, and injury to personal property. In a separate indictment, defendant was also charged with attaining habitual felon status. The State's evidence at trial tended to establish the following: On 9 July 2012, Timothy Bucholis found that his Bistro B restaurant ("Bistro B") in Kernersville, North Carolina had been broken into at some point the night before. A brick had been thrown through the side door window, his point-of-sale computer was damaged, and three bottles of alcohol had been taken. Bucholis had a surveillance system at the restaurant; the video from the night of 8 July showed a white man, wearing a dark baseball hat, enter the restaurant about 11:00 p.m. using a flashlight. The man, whose face is not clearly visible, tried to open the point-of-sale computer. Unable to open it, the man knocked it on the floor

before taking two bottles of liquor and a bottle of wine. The man in the video appeared 6'1" to 6'2" tall, about 190-200 pounds, with a medium build, full beard, and shoulder-length hair. After being called by Buchlois, a police officer with the Kernersville Police Department checked Bistro B for fingerprints, but the officer was unable to obtain any usable prints.

Because the intruder's face was not clearly shown in the Bistro B surveillance video, the State sought to introduce evidence at trial of a surveillance video from a prior breaking and entering in which defendant had entered an *Alford* plea. The prior break-in occurred at Economic Shoe Shop ("the shoe shop"), located within one mile of Bistro B's location, on 18 March 2010. The shoe shop surveillance video showed a white male, approximately 6'1" tall and 190 pounds, and wearing a baseball cap, push open the shoe shop's door with his shoulder. After entering, the intruder turned on the lights, went to the cash register behind the counter, took cash from the register, and left. Over defendant's objection, the trial judge admitted the shoe shop surveillance video evidence for the limited purpose of showing the identity of the person who committed the Bistro B break-in.

At the time of his arrest, defendant, a white male, had a full beard and collar length hair. Defendant was 6'1" in height and weighed approximately 190 to 200 pounds. When he was arrested, defendant had a flashlight and baseball hat on him.

On 25 April 2013, defendant was convicted of breaking and/or entering and injury to personal property; he was acquitted of larceny. On 26 April 2013, the jury also convicted defendant of attaining habitual felon status. The trial court sentenced defendant to a minimum of 103 months to a maximum of 136 months imprisonment. Defendant timely appealed.

**Arguments**

Defendant first argues that the trial court committed prejudicial error in admitting, over defendant's objection, video evidence from the prior breaking and entering at the shoe shop for the purpose of establishing identity under Rule 404(b) of the North Carolina Rules of Evidence. Specifically, defendant contends that the similarities between the break-ins were generic and inadequate to support its admission. We disagree.

We review a trial court's admission of evidence under Rule 404 of the North Carolina Rules of Evidence for an abuse of discretion. *State v. Summers*, 177 N.C. App. 691, 697, 629

S.E.2d 902, 907, *appeal dismissed and disc. review denied*, 360 N.C. 653, 637 S.E.2d 192 (2006). "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision." *State v. Riddick*, 315 N.C. 749, 756, 340 S.E.2d 55, 59 (1986).

Rule 404(b) provides that:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2013). Our Supreme Court has noted that:

> Rule 404(b) is a clear general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged. Thus, even though evidence may tend to show other crimes, wrongs, or acts by the defendant and his propensity to commit them, it is admissible under Rule 404(b) so long as it also is relevant for some purpose other than to show that defendant has the propensity for the type of conduct for which he is being tried.

*State v. Stager*, 329 N.C. 278, 302-03, 406 S.E.2d 876, 890 (1991) (internal citations and quotation marks omitted). To admit Rule 404(b) evidence for the purpose of identity, i.e., to show that the same person committed both crimes, there must be "some unusual facts present in both crimes or particularly similar acts which would indicate that the same person committed both crimes." *State v. Green*, 321 N.C. 594, 603, 365 S.E.2d 587, 593 (1988). "It is not necessary that the similarities between the two situations rise to the level of the unique and bizarre. Rather, the similarities simply must tend to support a reasonable inference that the same person committed both the earlier and later acts." *Stager*, 329 N.C. at 304, 406 S.E.2d at 891 (internal quotation marks omitted). However, similarities that are generic to the crime itself are insufficient to support admission of 404(b) evidence. *State v. Al-Bayyinah*, 356 N.C. 150, 155, 567 S.E. 2d 120, 123 (2002).

Thus, on appeal, we must determine whether there was substantial evidence tending to support a reasonable finding by the jury that defendant committed both the shoe shop and Bistro B break-ins. At trial, substantial evidence was introduced tending to show that the same person committed both acts. Specifically, the physical description of the intruders in the

break-ins, as well as the time, manner, and location of the break-ins were sufficiently similar to support an inference that the same person committed both acts. In both break-ins, the intruder was a white male of medium build, around 6 feet in height, and weighing approximately 190-200 pounds. Furthermore, the intruder in each break-in had shoulder length hair, a thick beard, and wore a baseball cap. Finally, both incidents involved the breaking and entering of closed businesses at night within a one mile radius of one another. These similarities support a reasonable inference that the same person committed both break-ins, *see Stager*, 329 N.C. at 304, 406 S.E.2d at 891, and were not generic to the crime of breaking and/or entering. Accordingly, defendant is unable to establish that the trial court abused its discretion in admitting the video surveillance footage of the shoe shop break-in under Rule 404(b).

Defendant next argues that the trial court erred in denying defendant's motion to dismiss because the State presented insufficient evidence that defendant was the perpetrator of the break-in at Bistro B. We disagree.

This court reviews *de novo* the trial court's denial of a motion to dismiss for insufficiency of the evidence. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). A motion

to dismiss is properly denied if "there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). "When ruling on a motion to dismiss, all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998).

In this case, the State introduced the video surveillance footage of the Bistro B break-in that showed that the intruder was an adult white male, approximately 6'1" to 6'2" with a medium build. Although the video did not clearly show the intruder's face, it did provide a glimpse of the intruder's side profile and established that the intruder had a full beard, shoulder length hair, and wore a baseball cap. At the time of his arrest, defendant matched the description of the individual in the video. Furthermore, under Rule 404(b), the jury was allowed to consider evidence, for purposes of establishing

identity, of the shoe shop break-in. Finally, when he was arrested, defendant had a flashlight and baseball hat on him. Accordingly, the State presented substantial evidence that defendant was the perpetrator of the Bistro B break-in.

Finally, defendant argues that the sentence imposed was so grossly disproportionate to the charges of breaking and/or entering and injury to personal property that it resulted in an unconstitutional infliction of cruel and unusual punishment. We disagree.

"Only in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment." *State v. Ysaguire*, 309 N.C. 780, 786, 309 S.E.2d 436, 441 (1983). Furthermore, our Supreme Court has "reject[ed] outright the suggestion that our legislature is constitutionally prohibited from enhancing punishment for habitual offenders as violations of constitutional strictures dealing with . . . cruel and unusual punishment." *State v. Todd*, 313 N.C. 110, 117, 326 S.E.2d 249, 253 (1985); *see also State v. Dammons*, 159 N.C. App. 284, 298, 583 S.E.2d 606, 615 (2003) ("Sentence enhancement based on habitual felon status does not constitute cruel and unusual punishment under the Eighth Amendment.").

Here, defendant was sentenced to 103 months to 136 months imprisonment based on his convictions of breaking and/or entering, injury to personal property, and habitual felon status. His conviction for habitual felon status was based on evidence that defendant was convicted of: (1) felonious breaking and entering on 12 February 1997; (2) felonious breaking and entering on 13 February 2004; and (3) felonious breaking and entering on 27 August 2010. Consequently, defendant was sentenced to 103 months to 136 months not based solely on the crimes he was convicted for in 2013; he was sentenced based on those convictions as well as multiple other felonies committed over the last twenty years. Thus, defendant's sentence was not so "grossly disproportionate" to his crimes to result in a violation of the Eighth Amendment to the United States Constitution or a violation of Article I, section 27 of our State Constitution .

## Conclusion

Based on the foregoing reasons, defendant's trial was free from error.


NO ERROR.

Judges BRYANT and STEELMAN concur.

Report per Rule 30(e).