STATE OF NORTH CAROLINA v. DONALD EUGENE MILLER

No. 755SC310

(Filed 2 July 1975)

**Criminal Law § 60; Burglary and Unlawful Breakings § 5— fingerprint evidence — sufficiency of evidence for jury**

> The State's evidence was sufficient to show that defendant was the perpetrator of the offense of breaking and entering a launderette where it tended to show that vending machines in the launderette had been pried open during the nighttime, a padlock had been removed from a cigarette machine and was found on the floor near the machine, and defendant's thumbprint was found on the padlock, since the jury could find that the fingerprint could have been impressed only at the time the offense was committed, notwithstanding defendant showed by cross-examination of the witnesses that the cigarette machine and lock were located in a vending area frequented not only by customers of the launderette but by others who socialize around the vending machines.

Judge HEDRICK concurring.

Judge MARTIN dissents.

APPEAL by defendant from *Cowper, Judge.* Judgment entered 10 December 1974 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 17 June 1975.

By indictment, proper in form, defendant was charged with the felonies of (1) breaking and entering a building occupied by Williams Launderette and (2) larceny pursuant to the breaking and entering. He pled not guilty to both charges and at the conclusion of the evidence the court allowed his motion for nonsuit on the larceny count. The jury returned a verdict of guilty on the breaking and entering count, and from judgment imposing prison sentence of eight years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Archie W. Anders, for the State.*

*Carter and Carter, by James Oliver Carter, for defendant appellant.*

BRITT, Judge.

Defendant's sole assignment of error is that the court erred in denying his motion for nonsuit on the breaking and entering count. We find no merit in the assignment.

State v. Miller

Evidence presented by the State tended to show:

On 23 September 1974 the Williams Launderette was housed in a building located at 1107 Princess Street in the City of Wilmington. In addition to coin operated laundry machines, there were soft drink, cigarettes, and other merchandise vending machines in the building. At about 9:00 p.m. on that date, the building was locked and secured for the night and the operators went home. No one was given permission to enter the building after it was closed.

At about 3:55 the following morning, Officer McNew of the Wilmington Police Department, in a routine check of the building, found that the back door had been forced open. After obtaining additional police assistance, he entered the building but found no one in it. He determined that a candy machine and a drink machine had been pried open; and that a cigarette machine had been dragged from the front to the rear of the building and pried open. Prior to being entered, the cigarette machine was secured with a heavy chrome padlock; police found the lock lying on the floor near the cigarette machine and it "looked like it had been busted off." One witness stated that the lock "was cut off and laid down." Burglary tools were found on the floor of the building.

The padlock was examined for fingerprints and a right thumbprint, identified as that of defendant, was found on the lock. Defendant stipulated that the fingerprint was his. On 11 October 1974 police questioned defendant about the matter and he stated that he had never been in the Williams Launderette.

Defendant offered no evidence. On cross-examination of State's witnesses, he established that during business hours the launderette was open to the public; that prior to the burglary the cigarette machine was located near the front of the building; that the padlock was on the side of the machine near some chairs and could easily be seen and handled by persons patronizing the establishment; that numerous persons frequented the premises not only to patronize the laundry machines but also the drink, candy, and cigarette machines; and that many young people congregated in the building to socialize.

Defendant does not argue that the evidence was not sufficient to show that a felonious breaking and entering had been committed. He contends that the evidence was not sufficient to show that he was the perpetrator of the offense.

Decision in this case depends upon application of the .rule that evidence showing that fingerprints found at the scene of a crime correspond with those of the accused, when accompanied by substantial evidence of circumstances from which the jury can find that such fingerprints could have been impressed only at the time the offense was committed, is sufficient to withstand a motion for nonsuit. *State v. Reynolds*, 18 N.C. App. 10, 195 S.E. 2d 581 (1973) and cases therein cited. The question of whether the fingerprints could have been impressed only at the time when the crime was committed is ordinarily a question of fact for the jury. *State v. Helms*, 218 N.C. 592, 12 S.E. 2d 243 (1940) ; *State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969).

Defendant insists that he showed by cross-examination of the witnesses that prior to the night in question the lock on which his thumbprint was found .was located on the outside of the cigarette machine next to some chairs in an area frequented not only by customers of the launderette but by others who "socialized" around the cigarette and drink vending machines; therefore, the showing of his thumbprint on the lock was not accompanied by substantial evidence of circumstances from which the jury could find that his thumbprint could have been impressed only at the time the offense was committed. While a close question is presented, we think the evidence was sufficient to withstand the motion for nonsuit.

Defendant's statement that he had never been in the launderette was both inculpatory and exculpatory. It was inculpatory in that it tended to refute the assumption that at some time he had been in the building legally. It was exculpatory in that it tended to show that he did not enter the building on the night in question.

When the State introduces in evidence an exculpatory statement made by a defendant which is not contradicted or shown to be false by any other facts or circumstances in evidence, the State is bound by the statement. *State v. Johnson*, 261 N.C. 727, 136 S.E. 2d 84 (1964). However, the State is not precluded from showing that the facts were otherwise. *State v. Mitchum*, 258 N.C. 337, 128 S.E. 2d 665 (1962).

In the case at hand, while the State presented evidence of a statement by defendant that he had *never* been in the building in question, by establishing defendant's fingerprint on. the lock,

it presented evidence tending to show that defendant had been in the building at *some* time. We think it then became a question for the jury to say if defendant's fingerprint was impressed on the lock at the time of the burglary or at some other time. It is elementary that the jury may believe all, none, or only part of a witness' testimony; it follows that the jury may believe all, none, or only a part of a defendant's statement when there is a showing that the facts were otherwise. Had defendant's statement been more specific, i.e., that he was not in the building on 24 September 1974, or on 23 September 1974, or on 20 September 1974,. or at any other time, it seems to us that the jury could have believed the statement in part and disbelieved it in part. That being true, we do not think his use of the all encompassing term "never" prevented the jury from believing the statement in part and disbelieving it in part.

For the reasons stated, we conclude that the court did not err in submitting the case to the jury.

No error.

Judge HEDRICK concurs.

Judge MARTIN dissents.

Judge HEDRICK concurring:

I concur in Judge Britt's opinion affirming the denial of defendant's motion for judgment as of nonsuit. However, I think the statement of the defendant to the officer that he had never been in the burglarized premises is of no legal significance in determining the question of whether the court erred in denying the motion for judgment as of nonsuit. If the statement is true, it exonerates the defendant completely; if the statement is false, the State still has the burden of offering evidence from which the jury could find that defendant's thumbprint on the lock could have been put there only at the time of the commission of the crime. In my opinion the evidence recited by Judge Britt of all the circumstances with respect to the finding of defendant's thumbprint on the broken lock at the scene of the crime is sufficient to support a finding by the jury that the defendant's thumbprint was impressed on the lock at the time of the commission of the crime. *State v. Reynolds, supra.*