NO. COA13-886

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

STATE OF NORTH CAROLINA

   v.

CHRISTINE RENA CHAMBERLAIN

Durham County
No. 12 CRS 57142

Appeal by Defendant from judgment entered 26 March 2013 by Judge Allen Baddour in Durham County Superior Court. Heard in the Court of Appeals 11 December 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Carolyn McLain, for the State.*
>
> *Peter Wood for Defendant.*

STEPHENS, Judge.

*Evidence and Procedural History*

On 31 December 2011, the district court in Durham County issued a misdemeanor criminal summons ("First Summons") asserting that probable cause was present to believe that Christine Rena Chamberlain ("Defendant") committed one count of injury to real property. According to the summons, Anthony Waraksa ("Waraksa"), the complainant, alleged that Defendant destroyed "THREE LIGUSTRUM

TREES" located on his property on 5 April 2011. The case was later dismissed by the district court due to a "fatal variance."[1]

Following dismissal, on 22 July 2012, the district court issued a second misdemeanor criminal summons ("Second Summons") alleging probable cause to believe that Defendant had committed two counts of injury to real property. According to the Second Summons, Waraksa alleged that Defendant had destroyed, respective to the two counts charged, (1) "TREES, LAWN[,] AND FLOWERBEDS" and (2) "THREE LIGUSTRUM SHRUBS," both located on his property. This allegedly occurred between 30 September 2010 and 22 February 2011. The Second Summons is the origin of the judgment that is now under review.

After a trial on the Second Summons, the district court found Defendant not guilty on the first count of injury to real property, related to destruction of trees, lawn, and flowerbeds, and guilty on the second count of injury to real property, related to the destruction of the Ligustrum shrubs. Defendant gave written notice of appeal to the Durham County Superior Court on 14 November 2012.

---

[1] The court did not provide any more detail on the reason for its dismissal. However, Defendant asserts in her brief, pursuant to statements made by her trial counsel in the superior court trial, that "Waraksa was apparently confused when he took out the first warrant[ and] gave the wrong date to the magistrate."

Beginning 25 March 2013, Defendant was tried before a jury in superior court on the second count of injury to real property, regarding the destruction of the shrubs. Defendant made a pre-trial motion to dismiss that charge on double jeopardy grounds, arguing that the original dismissal in the district court constituted an acquittal for the allegedly offending conduct and that she could not be re-tried for that conduct in superior court. That motion was denied. The evidence presented at trial tended to show the following:

Defendant and her husband, James Chamberlain, live next to Waraksa and his wife, Harriett Sander ("Sander") in Durham, North Carolina. They had a friendly relationship until April of 2009, when Defendant published information communicated to her by Waraksa in confidence. At that point, Waraksa broke off the friendship. The following year, in September of 2010, Defendant installed a berm near the property line between their houses. Believing that Defendant's landscaping had encroached upon his property line, Waraksa "repaired the encroachment" and planted a line of Ligustrum shrubs on his side of the line. On 11 November 2010, Defendant left Waraksa a note asking him to refrain from planting "hedge[s]. . . until [the] dispute [was] resolved regarding the property line."

Waraksa testified that property lines in his subdivision "are set out with embedded iron pipes." Prior to planting the Ligustrum shrubs, Waraksa had his property surveyed, and the surveyor identified the corners of his lot based on those pipes. There was no testimony that Defendant ever had the property surveyed. Defendant and her husband nonetheless testified that Waraksa's shrubs were planted over the property line, on their property.

On 22 February 2011, Sander observed that the Ligustrum shrubs had been destroyed and saw Defendant walking away from the shrubs with "huge scissors." Later in the trial, Defendant admitted to cutting the shrubs, knowing they belonged to Waraksa:

> [THE STATE:] Okay. It's your testimony that you intended to remove the Ligustrum bushes that had been planted by Mr. Waraksa, is that right? You intended to remove them; that's why you cut them down?
>
> [DEFENDANT:] Right, yeah, they were on my property.
>
> [THE STATE:] Right.
>
> [DEFENDANT:] They were planted where I needed to fix the berm.
>
> [THE STATE:] And you chose to cut them off, right? Is that what you did; you cut them?
>
> [DEFENDANT:] Yes, with a shovel.
>
> [THE STATE:] You knew . . . Waraksa had planted those bushes?

[DEFENDANT:] Well, yes, uh-huh.

Defendant moved to dismiss the charges against her at the close of the State's evidence and at the close of all of the evidence. Those motions were denied. After the presentation of evidence, the jury found Defendant guilty of injury to real property. Defendant appeals the judgment entered upon the jury's verdict.

*Discussion*

On appeal, Defendant argues the trial court erred by (1) denying Defendant's motion to dismiss based on double jeopardy, (2) denying Defendant's motion to dismiss at the close of the State's evidence and again at the close of all the evidence because the State did not present sufficient evidence to support the charge of injury to real property, and (3) failing to "instruct the jury properly" in response to a question posed during jury deliberations. We find no error.

*I. Double Jeopardy*

In her first argument on appeal, Defendant contends that the trial court erred in denying her pre-trial motion to dismiss on double jeopardy grounds. In making that argument, Defendant notes that Waraksa took out two different warrants for injury to real property based on the exact same damage to the trees. Defendant

also points out that the district court committed a clerical error by keeping the incorrect date on the warrant, instead of amending the warrant to reflect the correct date. As a result, Defendant alleges that it was a violation of the prohibition against double jeopardy for the district court to allow the State to proceed with a second charge. Accordingly, Defendant contends that the superior court erred in denying her motion to dismiss based upon the first and second district court trials.[2] We disagree.

The doctrine of double jeopardy "provides that no person shall be subject for the same offen[s]e to be twice put in jeopardy of life or limb." *State v. Sparks*, 182 N.C. App. 45, 47, 641 S.E.2d 339, 341 (2007) (citation and internal quotation marks omitted). "[T]he Double Jeopardy Clause protects against (1) a second

---

[2] We note that there is no substantial evidence in the record regarding the nature of the fatal variance beyond (a) the fact of its existence and (b) the district court's dismissal of the original charge against Defendant on that basis. The only other discussion about the variance is counsel's statement to the superior court in Defendant's pre-trial motion to dismiss regarding Waraksa's alleged confusion over the date of the offense. However, "it is axiomatic that the arguments of counsel are not evidence." *State v. Collins*, 345 N.C. 170, 173, 478 S.E.2d 191, 193 (1996). Therefore, the only evidence properly before us in the record is the handwritten note on the summons stating that the case was dismissed due to a fatal variance, and we are limited to that fact. *See State v. Gillis*, 158 N.C. App. 48, 55, 580 S.E.2d 32, 37-38 (2003) (citation omitted) ("[T]his Court is bound on appeal by the record on appeal as certified and can judicially know only what appears in it.").

prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Rahaman*, 202 N.C. App. 36, 40, 688 S.E.2d 58, 62 (2010) (citations and internal quotation marks omitted). "[W]hen the trial court grants a defendant's motion to dismiss at the close of evidence, that ruling has the same effect as a verdict of not guilty." *Id.* at 43, 688 S.E.2d at 64; *see also* N.C. Gen. Stat. § 15-173 (2013). "However, the 5th Amendment right to be free from double jeopardy only attaches in a situation where the motion to dismiss is granted due to insufficiency of the evidence to support each element of the crime charged." *Rahaman*, 202 N.C. App. at 44, 688 S.E.2d at 64. Double jeopardy does not preclude a retrial when a charge is dismissed because there was a fatal variance between the proof and the allegations in the charge. *Id.; State v. Johnson*, 9 N.C. App. 253, 175 S.E.2d 711 (1970). We review a trial court's denial of a motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

> In *Johnson*, the indictment alleged that the defendant committed the crime of breaking and entering "a certain storehouse, shop, warehouse, dwelling house and building occupied by one Lloyd R. Montgomery, 648 Swannanoa River Road, Asheville, N.C." The evidence at trial tended to show that the defendant broke into "438 Swannanoa River Road

in Asheville which was occupied by one Elvira L. Montgomery, who was engaged in business under the name of 'Cat and Fiddle Restaurant.'" The trial court granted the defendant's motion to dismiss due to a fatal variance between the indictment and the evidence presented at trial. The State retried [the] defendant for the offense of breaking and entering, but upon an indictment that corresponded to the evidence. The defendant then appealed and asserted that his right to be free from double jeopardy had been violated. Our Supreme Court held that "a judgment of dismissal for whatever reason entered after a trial on the first indictment would not sustain a plea of former jeopardy when [the] defendant was brought to trial on the charge contained in the second indictment."

*Rahaman*, 202 N.C. App. at 44–45, 688 S.E.2d at 64–65 (citation omitted).

In this case, the two summonses pertain generally to the same facts, but the First Summons lists the date of offense as "04/05/2011" while the Second Summons lists the date of offense as "9/30/2010 through 02/22/2011." Pursuant to the record properly before us, the district court granted Defendant's motion to dismiss due to a fatal variance between the First Summons and the proof at trial, not due to insufficiency of the evidence.[3] Therefore, the

---

[3] Defendant admits that the district court dismissed the charge for a fatal variance. Defendant also admits that the only evidence of record shows the variance was between the date of offense in the First Summons and the Second Summons.

State was permitted to retry Defendant because the Second Summons corrected the dates of the offense. Accordingly, we hold that the superior court did not violate the double jeopardy provisions of the state and federal constitutions and did not err by denying Defendant's motion to dismiss. *See also State v. Fraley*, __ N.C. App. __, 749 S.E.2d 111 (unpublished opinion), *available at* 2013 N.C. App. LEXIS 806 ("Double jeopardy does not preclude a retrial when a charge is dismissed because there was a fatal variance between the proof and the allegations in the charge.").[4]

*II. Defendant's Motion to Dismiss*

Second, Defendant argues that the trial court erred in denying her motion to dismiss due to insufficiency of the evidence, alleging that the State failed to present substantial evidence of every element of the crime charged.

The test to be applied in ruling on a defendant's motion to dismiss is whether the State has produced substantial evidence of each and every element of the offense charged, or a lesser-included offense, and substantial evidence that the defendant committed the offense. *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "If substantial evidence exists supporting [the]

---

[4] While unpublished decisions are not binding upon this court, the facts in *Fraley* are similar to those here, and we find the Court's reasoning to be especially persuasive.

defendant's guilt, the jury should be allowed to decide if the defendant is guilty beyond a reasonable doubt." *State v. Fowler*, 353 N.C. 599, 621, 548 S.E.2d 684, 700 (2001), *cert. denied*, 535 U.S. 939, 152 L. Ed. 2d 230 (2002).

Substantial evidence is defined as "evidence from which a rational finder of fact could find the fact to be proved beyond a reasonable doubt." *State v. Davis*, 130 N.C. App. 675, 678, 505 S.E.2d 138, 141 (1998). When ruling on a motion to dismiss, the trial court must consider all the evidence in the light most favorable to the State. *Id.* at 679, 505 S.E.2d at 141. "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." *State v. King*, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996). The trial court's decision as to whether there is substantial evidence is a "question of law," and, on appeal, we review it *de novo*. *State v. Bumgarner*, 147 N.C. App. 409, 412, 556 S.E.2d 324, 327 (2001).

Defendant was charged with violating N.C. Gen. Stat. § 14-127, which provides as follows:

> *Willful and wanton injury to real property.*
>
> If any person shall willfully and wantonly damage, injure or destroy any real property whatsoever, either of a public or private

> nature, [she] shall be guilty of a Class 1
> misdemeanor.

N.C. Gen. Stat. § 14-127 (2013). Defendant does not challenge the sufficiency of the evidence to prove that she was the perpetrator of the crimes. Rather, she argues that the State presented insufficient evidence as to her mental state. We disagree.

Section 14-127 requires, as an essential element of the offense, a showing that the person charged with violating the statute "willfully" and "wantonly" caused the damage to real property. The words "willful" and "wanton" have substantially the same meaning when used in reference to the requisite state of mind for a violation of a criminal statute. *State v. Williams*, 284 N.C. 67, 72-73, 199 S.E.2d 409, 412 (1973). "[Willful] as used in criminal statutes means the wrongful doing of an act without justification or excuse, or the commission of an act purposely and deliberately in violation of law." *State v. Arnold*, 264 N.C. 348, 349, 141 S.E.2d 473, 475 (1965). "Willfulness" is a state of mind which is seldom capable of direct proof, but which must be inferred from the circumstances of the particular case. *Id.*

Despite Defendant's assertion to the contrary, there need not be an *intent* to break the law in order for an act to be "willful." *State v. Coal Co.*, 210 N.C. 742, 754-55, 188 S.E. 412, 420 (1936). Thus, it does not matter whether Defendant knew for certain if the

Ligustrum shrubs were on her property or Waraksa's property when she cut them down.

> The word ["willful"], used in a statute creating a criminal [offense], means something more than an intention to do a thing. It implies the doing the act purposely and deliberately, indicating a purpose to do it, without authority — careless whether [she] has the right or not — in violation of law, and it is this which makes the criminal intent, without which one cannot be brought within the meaning of a criminal statute.

*In re Adoption of Hoose*, 243 N.C. 589, 594, 91 S.E.2d 555, 558 (1956) (citation and internal quotation marks omitted).

In this case, the State presented testimony by Waraksa that the Ligustrum shrubs were on his property. The State also presented evidence that Defendant acknowledged that the property line was in dispute through a signed letter in which she asked Waraksa to stop planting hedges until the property-line dispute was resolved. Defendant's testimony and her signed letter indicate that she did not know whether the Ligustrum shrubs were on her property or Waraksa's. Accordingly, it was for the jury to determine whether the shrubs were planted on Waraksa's property or Defendant's and whether Defendant was legally justified in cutting them down. While Defendant presented some evidence to contradict Waraksa's testimony regarding the location of the shrubs in relation to the property line, "[i]t is elementary that the jury may believe all,

none, or only part of a witness'[s] testimony[.]" *State v. Miller*, 26 N.C. App. 440, 443, 216 S.E.2d 160, 162, *affirmed*, 289 N.C. 1, 220 S.E.2d 572 (1975). Here, the jury opted to believe Waraksa's testimony that the shrubs were planted on his property. Therefore, the evidence produced by the State, even though it was contested, provided sufficient evidence for the finding that Defendant had cut down the shrubs on Waraksa's property without justification. Accordingly, we hold that the superior court did not err in denying Defendant's motion to dismiss.

*III. Jury Instructions*

Lastly, Defendant contends that the trial court committed reversible error by failing to directly answer the jury's question: "Is [D]efendant [j]ustified in cutting down property she knew was not hers if she truly believed [that the bushes] were on her property[?]" Defendant contends a proper instruction would have been:

> For you to find[ D]efendant guilty of injury to real property, you must find that she willfully damaged trees, lawn[,] and flowerbeds, the real property of[] Waraksa. ["]Willful" is defined as "the wrongful doing of an act without justification or excuse, or the commission of an act purposely and deliberately in violation of [the] law. ["]Willfully" means "something more than an intention to commit the offense."

Defendant contends that the superior court's failure to give this instruction "affected [the jury's] verdict." Defendant argues that the trial court's decision not to answer this question amounted to a failure to instruct on willfulness and, thus, that the jury might not have properly considered Defendant's state of mind. Therefore, Defendant reasons, the State was improperly required to prove only that Defendant *damaged* the shrubs.

The State argues, and Defendant concedes, that — because Defendant did not object to the trial court's original charge, request a different charge at the charge conference, or request any additional charge when the jury expressed confusion — Defendant did not properly preserve this argument for appeal. We agree.

In matters concerning jury instructions, a party's failure to object at trial limits our review to an examination for plain error. *State v. King*, 342 N.C. 357, 364, 464 S.E.2d 288, 293 (1995) (citing *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983)); *see also* N.C.R. App. P. 10(a)(2). Plain error is "error so fundamental that it tilted the scales and caused the jury to reach its verdict convicting the defendant." *State v. Bagley*, 321 N.C. 201, 211, 362 S.E.2d 244, 250 (1987), *cert. denied*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988) (internal quotation marks omitted). "In deciding whether a defect in the jury instruction constitutes 'plain error',

[sic] the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *Odom*, 307 N.C. at 661, 300 S.E.2d at 378-79. "[A] charge must be construed as a whole in the same connected way in which it was given. When thus considered, if it fairly and correctly presents the law, it will afford no ground for reversing the judgment, even if an isolated expression should be found technically inaccurate." *State v. Tomblin*, 276 N.C. 273, 276, 171 S.E.2d 901, 903 (1970) (internal quotation marks omitted).

In this case, Defendant's proposed jury instructions are substantially similar to those actually given by the superior court. Indeed, the court initially explained the term "willful" as follows:

> THE COURT: . . .
>
> [D]efendant has been charged with willful and wanton damage to, injury to, or destruction of real property. For you to find[ D]efendant guilty of this offense, the State must prove two things beyond a reasonable doubt.
>
> First, that [D]efendant damaged, injured, or destroyed Ligustrum shrubs of Anthony Waraksa. Lugustrum [sic] shrubs are real property.
>
> And second, that[] [D]efendant did this willfully and wantonly; that is, intentionally and without justification or excuse, and without regard for the consequences or the rights of others.

> If you find from the evidence beyond a reasonable doubt that on or about the alleged date, [D]efendant willfully and wantonly damaged, injury, [sic] or destroyed Ligustrum shrubs, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or both of these things, it would be your duty to return a verdict of not guilty.

In addition, the jurors had written copies of the instructions quoted above, and the judge offered to re-read the instructions to the jurors if necessary:

> THE COURT: . . .
>
> I'm happy to re-read them, if they want. But since they all have copies of the instructions, I don't want to insult their intelligence — I won't say that, but something like that. And I'll ask them to return to the jury room to continue deliberating. But if for any reason they, any one of them wants the Court to orally re[-]give the instructions, I'll be happy to do so, and they can just send out another note. I mean I have found in the past from time to time there is a juror who does not read well and prefers to hear something orally. So I want to make sure they understand they have that option and that right, whether or not they'll exercise it.

"[T]his Court has consistently held that a trial court is not required to repeat verbatim a . . . specific instruction that is correct and supported by the evidence, but that it is sufficient if the court gives the instruction in substantial conformity with

the request." *State v. Brown*, 335 N.C. 477, 490, 439 S.E.2d 589, 597 (1994).

Here, the instruction given clearly sets forth that "willfulness" is a necessary element of injury to real property. To find Defendant guilty of injury to real property, the State had to prove the Defendant had a "willful" state of mind when she damaged the shrubs. If the jury had a reasonable doubt as to the willfulness of Defendant's actions, the jury's duty was to find Defendant not guilty of injury to real property. This is, in substance, the concept Defendant claims the trial court should have reiterated to the jury. Because the trial court gave instructions in substantial conformity with those that Defendant argues for on appeal, Defendant's argument is overruled. The trial court did not err — much less plainly err — in declining to directly answer the jury's question. Accordingly, we find

NO ERROR.

Judges STEELMAN and DAVIS concur.