An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-747

Filed 16 July 2025

Pitt County, Nos. 20CRS051422-730, 20CRS051423-730, 20CRS051424-730, 20CRS051426-730, 21CRS001139-730

STATE OF NORTH CAROLINA

v.

ANTIONNE TYREK SMITH, Defendant.

Appeal by defendant from judgments entered 30 August 2022 by Judge Marvin K. Blount, III in Pitt County Superior Court. Heard in the Court of Appeals 24 January 2024.

> *Attorney General Jeff Jackson, by Assistant Attorney General Lewis W. Lamar, Jr., for the State-appellee.*
>
> *W. Michael Spivey for defendant-appellant.*

GORE, Judge.

Defendant, Antionne Tyrek Smith, appeals the trial court's denial of his motion to suppress and the denial of his motion to dismiss the felony charge for intentionally maintaining a vehicle for the keeping and selling of cocaine or buprenorphine. Defendant also raises a per se ineffective assistance of counsel claim against his trial

attorney claiming his defense counsel admitted defendant's guilt for an element of one of the charged crimes. Upon review of the record and the briefs, we vacate and remand in part and determine no error in part.

**I.**

On 5 March 2020, Officers Burke and Caballero were in an unmarked car in the Greenville area around 11:00 p.m. when they saw defendant's car pass by them. They followed defendant and perceived his license plate tag was unlit. As they followed, defendant took a left turn, crossed over into the left lane, and parked on the left side of the road, which amounted to traffic violations. The officers initiated a stop right after defendant parked on the left side of the road. The officers approached the vehicle and told defendant they pulled him over for the unlit car tag, crossing abruptly into the left lane, and parking in the left lane.

Officers immediately smelled marijuana when defendant opened his window, and defendant confessed to using a joint, which was in plain view. The officers had defendant step out of the car and began searching defendant. The officers discovered a small pouch in defendant's pocket that appeared to be crack cocaine along with $263.00. The moment officers set the pouch on the car, defendant fled from the officers who later caught and arrested him. Upon searching defendant's vehicle, the officers discovered 1.8 grams of marijuana, a digital scale with cocaine residue, three cell phones, a bag containing 8 pills, later determined to be buprenorphine (also called, Suboxone), and a debit card with the name "Candace Robinson."

Defendant was indicted with possession of cocaine with intent to sell or deliver, possession of buprenorphine with intent to sell and deliver, knowingly and intentionally maintaining a vehicle for keeping and selling controlled substances, possessing with intent to sell and deliver controlled substances within 1000 feet of a public park, possession of drug paraphernalia, resisting a public officer, driving while license revoked, and being a habitual felon. Defendant filed a motion to suppress the evidence obtained claiming the officers unlawfully stopped and seized defendant and his vehicle. The case was tried before a jury during the 18 April 2022 session.

The trial court denied the motion to suppress during a voir dire hearing at trial. The trial court did not enter a written order after rendering an oral decision. At the close of the State's evidence and again at the close of all the evidence, defendant moved to dismiss the indictments for maintaining a vehicle for controlled substances and possession with intent to sell and deliver controlled substances within 1000 feet of a public park. The trial court granted the dismissal of the possession with intent to sell and deliver controlled substances within 1000 feet of a public park and denied the dismissal of the indictment of maintaining a vehicle for controlled substances. The jury returned guilty verdicts on the remaining indictments. Defendant failed to appear after the first day of trial and was later apprehended and sentenced on 30 August 2022. Defendant gave timely oral notice of appeal.

**II.**

Defendant appeals of right pursuant to sections 7A-27(b)(1) and 15A-1444(a).

Defendant seeks review of three issues from the lower court rulings. Defendant first argues the trial court erred by denying his motion to suppress and further by failing to enter an order with findings of fact and conclusions of law to address its ruling. Second, defendant argues the trial court erred by denying his motion to dismiss the charge for intentionally maintaining and keeping a vehicle for the purpose of selling controlled substances. Finally, defendant argues his defense counsel committed per se ineffective assistance of counsel by implicitly admitting guilt of certain elements of the charges during the closing argument. We address each challenge in turn, through the proper standard of review.

**A.**

Defendant argues the trial court's failure to enter a written order with findings of facts and conclusions of law for its denial of the motion to suppress is an error under N.C.G.S. § 15A-977(f) and requires remand. Defendant argues there were material conflicts in the evidence regarding the police officers' reasonable suspicion to follow, stop, and search him. We disagree.

Our Supreme Court previously addressed this issue, articulating when a case should be remanded for a written order per section 15A-977(f).

> In determining whether evidence should be suppressed, the trial court shall make findings of fact and conclusions of law which shall be included in the record. A written determination setting forth the findings and conclusions is not necessary, but it is the better practice. Although the statute's directive is in the imperative form, only a material conflict in the evidence—one that potentially affects the outcome of the suppression motion—must be resolved by explicit factual

findings that show the basis for the trial court's ruling. When there is no conflict in the evidence, the trial court's findings can be inferred from its decision. Thus, our cases require findings of fact only when there is a material conflict in the evidence and allow the trial court to make these findings either orally or in writing.

*State v. Bartlett*, 368 N.C. 309, 312 (2015) (cleaned up).

In the present case, we do not agree with defendant's assessment that the facts articulated are materially conflicting. Considering these facts in light of the Supreme Court's definition of materially conflicting evidence, the differing perspectives of the facts did not have the potential to affect the outcome of the trial court's denial of the suppression motion. Whether the police officers saw the unlit tag while they were following defendant or saw the unlit tag once defendant turned and the police lights were no longer shining on the vehicle, does not change the analysis for reasonable suspicion. *See State v. Johnson*, 370 N.C. 32, 37–38 (2017) ("[T]o have reasonable suspicion to conduct a traffic stop based on a violation that an officer allegedly observed, the officer does not need to observe an actual traffic violation. . . . [I]t is enough for the officer to *reasonably believe* that a driver has violated the law.").

The police officers, in testimony and in video evidence, articulated that the reason they pulled over defendant was for the following alleged traffic violations: the unlit car tag, defendant's improper crossing onto the left side of the road, and defendant's improper parking on the left side of the road. The police vehicle did not initiate its blue lights until after the occurrence of these alleged traffic violations. Accordingly, by the time the officers initiated a stop, defendant had allegedly

committed each of these traffic violations. In this case, the legal analysis would not be swayed by whether the police were following defendant for the short period of time prior to pulling him over, nor would it be swayed by whether they saw the unlit car tag from their original distance or right after defendant made a left turn into the neighborhood. Because there were no material conflicts in the evidence, the trial court was not required to make written findings of fact for its oral denial of the suppression motion.

**B.**

Next, defendant challenges whether the trial court erred in denying his motion to dismiss the charge of maintaining or keeping a vehicle for the purpose of selling controlled substances. Defendant argues the State failed to introduce any evidence he kept or maintained the vehicle for selling controlled substances. Defendant argues that occupying the vehicle is not sufficient evidence alone to support the legal element under N.C.G.S. § 90-108(a)(7). We agree.

We review a motion to dismiss de novo. *State v. Walters*, 276 N.C. App. 267, 270 (2021) (citation omitted). To determine whether the trial court erred in denying the motion to dismiss, we consider

> the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor. All evidence, competent or incompetent, must be considered. Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered. In its analysis, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator

of the offense. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*State v. Bradshaw*, 366 N.C. 90, 92–93 (2012) (cleaned up).

Defendant disputes the section 90-108(a)(7) charge which requires the State provide sufficient evidence for each of the following elements: "(1) knowingly (2) kept or maintained (3) a vehicle (4) which was used for the keeping or selling (5) of controlled substances." *State v. Rogers*, 371 N.C. 397, 401 (2018) (cleaned up); *see* N.C.G.S. § 90-108(a)(7) (2022). Specifically, defendant argues the State failed to provide sufficient evidence that defendant kept or maintained the vehicle. We focus solely on this element.

Our Supreme Court previously interpreted the keeping and maintaining a vehicle element to mean more than "merely possessing or transporting drugs inside a car." *Rogers*, 371 N.C. at 405. The Court further explained the trial court's duty is to "determine whether the defendant was using a car for the *keeping* of drugs—which, again, means the *storing* of drugs—and courts must focus their inquiry on the *use*, not the contents, of the vehicle." *Id.* (internal quotation marks and citation omitted). Our Courts utilize the totality of the circumstances to determine whether the vehicle was kept and maintained and frequently consider the following as sufficient evidence: "defendant's use of the vehicle, title to or ownership of the vehicle, property interest in the vehicle, payment toward the purchase of the vehicle, and payment for repairs to or maintenance of the vehicle." *State v. Bradley*, 282 N.C. App. 292, 299

(2022), *aff'd as modified*, 384 N.C. 652 (2023); *State v. Weldy*, 271 N.C. App. 788, 791 (2020).

In the present case, considering only the evidence favorable to the State, we determine there is no evidence defendant kept or maintained the vehicle—apart from his occupancy of the vehicle at the moment of arrest. Occupancy of a vehicle alone is not enough to demonstrate he kept or maintained the vehicle. *See State v. Kraus*, 147 N.C. App. 766, 768–69 (2001). The State presented no evidence of ownership, no evidence of receipts of maintenance of the vehicle, no evidence of a property interest in the vehicle, and no evidence of purchase of the vehicle.

The contents of the vehicle included marijuana, buprenorphine, a digital scale with cocaine residue, three phones (whose ownership was left undetermined), and a debit card with the name "Candace Robinson" on it. These contents were not hidden in the vehicle, as was the case in *Rogers*. *Rogers*, 371 N.C. at 402, 404 (discussing drugs and paraphernalia found in the gas cap compartment and in a boot in the vehicle, and a service receipt within the vehicle from two and a half months prior with defendant's name on it). *But see State v. Mitchell*, 336 N.C. 22, 30 (1994), *abrogated on other grounds by Rogers*, 371 N.C. at 406 (determining the evidence was insufficient to demonstrate the defendant's vehicle was "used for the keeping or selling of a controlled substance"); *Weldy*, 271 N.C. App. at 792 (determining the State did not present sufficient evidence the defendant kept or maintained the vehicle when the evidence only included the defendant driving around in the vehicle and title to

the vehicle was in family members' names); *Bradley*, 282 N.C. App. at 299 (determining the defendant did not keep or maintain the vehicle as he was only a passenger when the vehicle was pulled over, and the vehicle was titled to the driver's grandmother). In line with existing case law, the State failed to present sufficient evidence that defendant kept or maintained the vehicle. Therefore, defendant's conviction under section 90-108(a)(7) is vacated.

## C.

Finally, defendant argues his attorney committed per se ineffective assistance of counsel by conceding defendant's guilt during closing argument. We disagree.

While we review claims for ineffective assistance of counsel under the *Strickland* standard, we review per se ineffective assistance claims under a de novo standard. *State v. Moore*, 286 N.C. App. 341, 345 (2022), *rev. denied,* 883 S.E.2d 460 (N.C. 2023) (Mem.); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). Per se ineffective assistance of counsel is "established in every criminal case in which the defendant's counsel admits the defendant's guilt to the jury without the defendant's consent." *Moore*, 286 N.C. App. at 345 (citation omitted). Defense counsel's statements must be considered contextually "to determine whether the statement was, in fact, a concession of defendant's guilt of a crime." *Id.* "*Harbison* error exists" when "defense counsel's statements to the jury cannot logically be interpreted as anything other than an implied concession of guilt to a charged offense." *Id.* (internal quotation marks and citation omitted).

Defense counsel is relieved of such error if the defendant previously consented to the concession. *Id.* "The trial court must be satisfied that, prior to any admissions of guilt at trial by a defendant's counsel, the defendant must have given knowing and informed consent, and the defendant must be aware of the potential consequences of his decision." *Id.* (citation omitted).

In the present case, defendant argued the following statements by defense counsel were concessions of defendant possessing cocaine and buprenorphine:

- This stands for possession with intent to manufacture, sell or deliver a controlled substance. The State has [to] prove all of this beyond a reasonable doubt. Ha[s] to prove possession. If you [don't have] anything nice to say, don't say anything at all. I'm not saying anything about this. With intent, okay.
- Ms. Gregory says the pharmaceutical company manufactured these pills. I don't know about the cocaine.
- Suboxone is a drug to get you off addiction. Okay, that's what's in his car, Suboxone pills.
- Again, I'm not going to say anything if I can['t] say anything nice, but as soon as this cocaine is put on the hood that's when the alleged flight takes place and he runs. As soon as it's pulled out of his pocket . . . .
- It's not until cocaine is put on the hood that he takes off.
- We know that Mr. Smith came out of it [the car]. We know what came out of Mr. Smith's pockets. We know [what] Suboxone is.

Assuming *arguendo* defense counsel implicitly admitted defendant's guilt, the only implicit guilt admitted was limited to the possession element of the charges and possibly an element of resisting a public officer. There is no indication defense counsel conceded defendant's guilt as to any of the charges against him. Having considered *State v. Crump*, and applied it to the present case, we determine defense

counsel did *not* commit per se ineffective assistance of counsel and violate defendant's Sixth Amendment right. *Crump*, 273 N.C. App. 336, 347–48 (2020) ("Defense Counsel's statements, which were either an admission of an element . . . or misstatements Defense Counsel rectified, did not violate Defendant's Sixth Amendment rights, no structural error occurred, and Defense Counsel provided effective assistance of counsel under *Strickland*."), *rev. denied*, 377 N.C. 567 (2021) (Mem.). Accordingly, we determine there was no structural error nor per se ineffective assistance of counsel.

**III.**

For the foregoing reasons, we vacate the felony judgment for maintaining a vehicle for the keeping and selling of cocaine or buprenorphine and remand for resentencing. Further, we determine the trial court did not err by denying the motion to suppress and the defense counsel did not commit per se ineffective assistance of counsel.

VACATED AND REMANDED IN PART, NO ERROR IN PART.

Judge HAMPSON concurs.

Judge CARPENTER dissents in part by separate opinion.

Report per Rule 30(e).

CARPENTER, Judge, dissenting in part.

Antionne Tyrek Smith ("Defendant") appeals from judgment entered after a jury convicted him of, among other crimes, keeping or maintaining a vehicle for the purpose of keeping or selling controlled substances. On appeal, Defendant argues the trial court erred by denying his motion to suppress without making any findings of fact to resolve material conflicts in the evidence and denying his motion to dismiss the charge of keeping or maintaining a vehicle for the keeping or selling of controlled substances. Defendant also asserts an ineffective assistance of counsel claim.

I fully join my colleagues' conclusion that the trial court did not err by denying Defendant's motion to suppress evidence. I also agree that Defendant did not receive ineffective assistance of counsel. Nevertheless, I disagree with the majority's conclusion that the trial court erred by denying Defendant's motion to dismiss. Therefore, I respectfully dissent in part.

When viewed in the light most favorable to the State, the evidence was sufficient to survive Defendant's motion to dismiss and reach the jury. Specifically, I would hold that the State's evidence was sufficient to persuade a rational juror that Defendant "ke[pt]" the silver Dodge, the subject of the traffic stop and subsequent search, within the meaning of section 90-108(a)(7). *See State v. Patel*, 217 N.C. App. 50, 58, 719 S.E.2d 101, 107 (2011); N.C. Gen. Stat. § 90-108(a)(7) (2023).

CARPENTER, J., *dissenting in part.*

## I. Background

I have no dispute with the majority's rendition of the procedural history or facts of this case. But there are several material facts that deserve additional attention.

On 5 March 2020, when Officers Burke and Caballero initiated their traffic stop of the silver Dodge, they observed that Defendant was the driver and sole occupant. When asked how many occupants were in the silver Dodge, Officer Burke testified, "it was just [Defendant]."

When Officer Caballero patted down Defendant, he discovered a "large sum of cash" in one of his pockets. The bills were "in smaller denominations" which Officer Burke testified, based on his training and experience, was indicative of "drug deal[ing]." In another pocket, Officer Caballero discovered a "plastic bag with a white powder substance." Officer Burke testified he "believed [the substance] was crack cocaine." The Pitt County drug lab later determined that the "white powder substance" found in Defendant's pocket was, indeed, crack cocaine.

When Officer Caballero attempted to place Defendant in handcuffs, Defendant "took off on foot." After placing Defendant in custody, officers searched the silver Dodge. Inside the silver Dodge, officers found 1.8 grams of marijuana, 9.5 dosage units of buprenorphine hydrochloride, commonly referred to as Suboxone, a digital scale with "white powder" residue, and three cell phones. Officers also discovered a debit card bearing the name "Candace Robinson."

At the time of the traffic stop, the silver Dodge had temporary tags and the State was unable to determine who owned it. When defense counsel asked Officer Burke if he was aware that Candace Robinson was Defendant's girlfriend, Officer Burke testified "[i]t's quite possible that they shared the [silver Dodge]."

## II. Discussion

"Whether the State presented substantial evidence of each essential element of the offense is a question of law; therefore, we review the denial of a motion to dismiss de novo." *State v. Crockett*, 368 N.C. 717, 720, 782 S.E.2d 878, 881 (2016).

" 'In ruling on a motion to dismiss, the trial court need determine only whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator.' " *State v. Golder*, 374 N.C. 238, 249, 839 S.E.2d 782, 790 (2020) (quoting *State v. Winkler*, 368 N.C. 572, 574, 780 S.E.2d 824, 826 (2015)). "Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." *Patel*, 217 N.C. App. at 58, 719 S.E.2d at 107 (2011).

Importantly, the trial court "must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994). Stated differently, "if the record developed at trial contains substantial evidence, whether direct or circumstantial, or a combination, to support a finding that the offense

charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." *Golder*, 374 N.C. at 250, 839 S.E.2d at 790.

Under section 90-108(a)(7), it is unlawful for any person "to knowingly keep or maintain . . . any vehicle . . . which is used for the keeping or selling of [controlled substances]." N.C. Gen. Stat. § 90-108(a)(7). The question presented is whether the State presented substantial evidence to establish that Defendant either "ke[pt]" or "maintain[ed]" the vehicle. *See* N.C. Gen. Stat. § 90-108(a)(7). In my view, the State's evidence met the threshold of proof to survive Defendant's motion to dismiss and the issue was properly submitted to the jury.

A defendant "keep[s]" a vehicle if he "possess[es] [it] for at least a short period of time—or intend[s] to retain possession of [the vehicle] in the future—for a certain use." *State v. Rogers*, 371 N.C. 397, 402, 817 S.E.2d 150, 154 (2018). Conversely, a defendant "maintain[s]" a vehicle if he bears the expense of the vehicle or holds or keeps the vehicle in an existing state or condition. *See State v. Weldy*, 271 N.C. App. 788, 791, 844 S.E.2d 357, 361 (2020) (citations omitted). While the terms "keep" and "maintain" have different meanings, "they do not describe separate offenses." *Id.* at 791, 844 S.E.2d at 361. In other words, a defendant could commit this offense if he "ke[pt]" the vehicle, "maintain[ed]" the vehicle, or both. *Id.* at 791, 844 S.E.2d at 361.

"Whether a vehicle is 'kept or maintained' for the keeping or selling of controlled substances depends on the totality of the circumstances." *Id.* at 791, 844

4

S.E.2d at 361. While "occupancy [of a vehicle] alone will not support the element of keeping or maintaining," occupancy is, nonetheless, "a relevant circumstance" to be considered in the totality of the circumstances test. *Id.* at 792, 844 S.E.2d at 361. Other "circumstances courts have considered in determining whether a defendant 'kept or maintained' a vehicle . . . include defendant's use of the vehicle, title or ownership of the vehicle, property interest in the vehicle, payment toward the purchase of the vehicle, and payment for repairs to or maintenance of the vehicle." *Id.* at 791, 844 S.E.2d at 361. As we recently observed, these factors "contribute to [the] totality," but they are not the *only* factors the trial court may consider. *State v. Garmon,* ___ N.C. App. ___, 909 S.E.2d 768, 771 (2024); *see State v. Hudson,* 206 N.C. App. 482, 492, 696 S.E.2d 577, 584 (2010) ("The totality of the circumstances controls, and whether there is sufficient evidence of the 'keeping or maintaining' element depends on several factors, none of which is dispositive.").

The majority concludes the trial court erred in denying Defendant's motion to dismiss because "there [was] no evidence [D]efendant kept or maintained the vehicle—apart from his occupancy of the vehicle at the moment of arrest." In their view, because the State did not present any evidence that Defendant owned, serviced, purchased, or otherwise had a "property interest" in the silver Dodge, the evidence was not substantial and the trial court should have granted Defendant's motion to dismiss. I disagree.

First, I cannot join the majority's conclusion that Defendant did not have a

property interest in the silver Dodge. Although an expectation of privacy in a vehicle and its contents and a property interest in a vehicle and its contents are not identical constitutional considerations, they are closely related. In the eyes of a reasonable juror, one could be indicative of the other. In my view, when considering the evidence in the light most favorable to the State, Defendant had a reasonable expectation of privacy in the silver Dodge and its contents as its driver and sole occupant. Therefore, a reasonable juror could conclude Defendant also had a property interest in the vehicle and its contents at the time of the stop; a factor to be considered in the totality of the circumstances test. *See Rakas v. Illinois*, 439 U.S. 128, 143, n. 12, 99 S.Ct. 421, 430, 58 L.Ed.2d 387, 401 (1978) (citing W. Blackstone, Commentaries, Book 2, ch.1); *see also State v. McKinney*, 361 N.C. 53, 56, 637 S.E.2d 868, 871 (2006) ("A defendant has standing to contest a search if he or she has a reasonable expectation of privacy in the property to be searched.").

Second, I do not find the lack of evidence tending to show that Defendant owned, serviced, or purchased the silver Dodge to be outcome determinative. In my view, these factors are more probative of whether Defendant "maintain[ed]" the silver Dodge, than whether he "kep[t]" the silver Dodge. In any event, these are factors for the jury to consider after weighing all the evidence.

In *Weldy*, we concluded the defendant did not "maintain" the vehicle because "the State presented no evidence that [the] [d]efendant had title to or owned the vehicle, had a property interest in the vehicle, paid toward the purchase of the

6

vehicle, or paid for repairs to or maintenance of the vehicle." 217 N.C. App. at 792, 844 S.E.2d at 362. We next considered whether the defendant "ke[pt]" the vehicle. *Id.* at 792, 844 S.E.2d at 362. In doing so, we focused primarily on the duration of the defendant's possession of the vehicle and emphasized the lack of evidence "linking [the] [d]efendant directly to the car[.]" *Id.* at 793–94, 844 S.E.2d at 362–63.

Therefore, a lack of evidence tending to show that Defendant owned, repaired, paid for, or serviced the silver Dodge, does not mean he could not have "ke[pt]" it within the meaning of the statute, as "keep[ing]" the vehicle focuses on the defendant's time in possession and use of the vehicle. *See id.* at 791, 844 S.E.2d at 361. In my view, the majority's reasoning fails to account for the possibility that a reasonable juror could conclude that Defendant "ke[pt]" the silver Dodge, based on the totality of relevant factors, none of which are dispositive.

Finally, the State presented other evidence from which a juror could reasonably infer that Defendant "ke[pt]" the silver Dodge within the meaning of the statute, beyond his sole occupancy. Not only did Defendant flee on foot when officers attempted to detain him, officers also found Candace Robinson's debit card in the silver Dodge. Furthermore, the controlled substances found on Defendant's person were consistent with those found in the silver Dodge itself. In my view, the evidence linking Defendant to the silver Dodge was substantial enough to survive Defendant's motion to dismiss.

In *Weldy*, the defendant was driving a Nissan Maxima alone. 271 N.C. App.

at 789, 844 S.E.2d at 360. Officers followed the Nissan for approximately twenty to twenty-five minutes until he parked at a hotel and went inside. *Id.* at 789, 844 S.E.2d at 360. When the defendant returned to the Nissan and drove away, officers pulled him over and frisked him for weapons. *Id.* at 789, 844 S.E.2d at 360. On the defendant's person, officers discovered a bag of 56.38 grams of methamphetamine and a bag of 6.84 grams of heroin. *Id.* at 789–90, 844 S.E.2d at 360. Notably, officers did not find any drugs or evidence of drug activity in the Nissan itself. *Id.* at 789, 844 S.E.2d at 360. The Nissan was registered to the defendant's wife and his mother-in-law. *Id.* at 789, 844 S.E.2d at 360. Contrary to the findings of the unanimous jury, we concluded that the evidence was insufficient to establish the defendant "ke[pt]" the vehicle. *Id.* at 793–94, 844 S.E.2d at 362–63. Aside from his occupancy of the vehicle, "the State presented no evidence *linking* [the] [d]efendant directly to the [vehicle]." *Id.* at 793–94, 844 S.E.2d at 362–63 (emphasis added).

In *Rogers*, on the other hand, the State's evidence was sufficient to survive the defendant's motion to dismiss. 371 N.C. at 403, 817 S.E.2d at 154–55. As a part of an ongoing investigation, officers surveilled the defendant's movements at a hotel. *Id.* at 399, 817 S.E.2d at 152. Upon arrival at the hotel, officers observed a Cadillac in the parking lot. *Id.* at 399, 817 S.E.2d at 152. When they returned to the hotel after briefly visiting a gas station, the Cadillac was gone. *Id.* at 399, 817 S.E.2d at 152. Approximately ten minutes later, the defendant returned in the Cadillac, exited the car, and went inside a hotel room where he remained for approximately forty-five

minutes. *Id.* at 399, 817 S.E.2d at 152. Later, when the defendant left in the Cadillac, officers followed him, eventually pulling him over and arresting him for outstanding warrants. *Id.* at 399, 817 S.E.2d at 152. Although officers conducted surveillance for a total of ninety minutes, they only observed the defendant driving the Cadillac for a short period of time. *Id.* at 399, 817 S.E.2d at 152.

After searching the Cadillac, officers found two purple plastic bags hidden in the space behind the door covering the gas-cap, as well as a marijuana cigarette, $243 in cash in a boot, and a service receipt from two months prior with the defendant's name printed on it. *Id.* at 399, 817 S.E.2d at 152. No drugs were found on the defendant's person, and the Cadillac was registered to someone other than the defendant. *Id.* at 399–40, 817 S.E.2d at 152.

On appeal, the service receipt bearing the defendant's name was a key factor in determining that the defendant "ke[pt]" the vehicle, not only because it indicated some form of ownership, but also because it created a reasonable inference that the defendant "possessed the Cadillac for about two and a half months, at the very least." *Id.* at 402, 817 S.E.2d at 155. In a footnote, the *Rogers* court observed that:

> Possessing a car for two and half months is sufficient to show that an individual "ke[pt]" a car under subsection 90-108(a)(7). But we do not mean to imply that possession for that long is necessary to satisfy that element. "[K]eep[ing]" a car for a much shorter period of time may suffice—we need not, and do not, take any position on that to decide this case . . . .

*Id.* at 399 n.2, 817 S.E.2d at 152 n.2.

Here, the facts linking Defendant to the silver Dodge are more robust than in *Weldy*. Unlike in *Weldy*, some of the controlled substances that were discovered on Defendant's person were consistent with what was found in the silver Dodge. *See* 71 N.C. App. at 793–94, 844 S.E.2d at 362–63. Indeed, officers found crack cocaine on Defendant's person and found a scale in the silver Dodge that had a white powder residue on it. Additionally, a jury could reasonably infer that Defendant was in possession of the silver Dodge for a sufficient period of time before the arrest since his girlfriend's debit card was recovered from the silver Dodge. Moreover, unlike in *Weldy* or *Rogers*, Defendant fled when officers attempted to detain him. *See State v. Murvin*, 304 N.C. 523, 527, 284 S.E.2d 289, 292 (1981) ("It is well established in this State that evidence of flight of an accused may be admitted as some evidence of guilt."). Thus, contrary to the majority's conclusion, the State presented evidence beyond Defendant's sole occupancy of the silver Dodge. Accordingly, under the totality of the circumstances, the State's evidence was substantial since a reasonable jury could determine that Defendant "ke[pt]" the silver Dodge for the purpose of keeping or selling controlled substances. *Weldy*, 271 N.C. at 791, 844 S.E.2d at 361.

When considering all of the evidence "in the light most favorable to the State, drawing all reasonable inferences in the State's favor," I would hold the trial court did not err by denying Defendant's motion to dismiss the charge of keeping or maintaining a vehicle for the keeping or selling of controlled substances. *See State v. Posey*, 233 N.C. App. 723, 727, 757 S.E.2d 396, 374 (2014). The trial court properly

allowed the jury to weigh the evidence and determine whether the State met its burden. Certainly the jury could have determined that the State failed to meet its burden of proof. But since the State presented substantial evidence of each element, including the element of keeping or maintaining a vehicle, Defendant's guilt was for the jury to decide. *See State v. Sloan*, 232 N.C. App. 246, 252, 753 S.E.2d 725, 729 (2014). Accordingly, I would hold the trial court did not err by denying Defendant's motion to dismiss and allowing the jury to go about its work of weighing the evidence presented.

## III. Conclusion

In sum, I agree with my colleagues that Defendant's motion to suppress was properly denied. I also agree that Defendant did not receive ineffective assistance of counsel. In my view, however, the State's evidence for the charge of keeping or maintaining a vehicle for the purpose of keeping or selling controlled substances was substantial. Accordingly, the trial court properly denied Defendant's motion to dismiss. Therefore, I respectfully dissent in part.